ROBERTO, APPELLANT, *v.* BROWN COUNTY GENERAL HOSPITAL ET AL., APPELLEES.

(No. CA89-02-004—Decided July 17, 1989.)

*Croswell & Adams* and *Gregory L. Adams,* for appellant.

*John Woliver,* for appellees Brown County General Hospital and Brown County General Hospital Board of Trustees.

*R. Alan Corbin,* prosecuting attorney, for appellee Brown County Board of Commissioners.

KOEHLER, J. This is an appeal by plaintiff-appellant, Edward A. Roberto, from a decision of the Brown County Court of Common Pleas which found that Roberto was not entitled to those amounts in his deferred compensation account accrued subsequent to May 1978.

On December 10, 1982, Roberto filed a complaint against defendants-appellees Brown County General Hospital, the Brown County General Hospital Board of Trustees and the Brown County Board of Commis-

sioners, collectively and individually, alleging a breach of various employment contracts.

Roberto was employed by appellee board of trustees to act as the hospital's administrator. Prior to his termination on August 6, 1982, Roberto and the board of trustees entered into a number of contracts relating to his employment as administrator.[1] Among those contracts was one dated May 16, 1976, which provided two additional weeks of salary each year in the form of a "Deferred Service Compensation Plan." This plan provided for the hospital to make a deposit in a savings account at the First National Bank in Georgetown, Ohio, "equal to twenty-eight (28) weeks' pay, and subsequent annual deposits beginning May 16, 1977 of amounts equal to two (2) weeks' pay during the term of his employment and/or until a total of fifty-two (52) weeks' pay have been deposited." An employment agreement addendum contains the issue in question in this appeal, providing:

"Upon termination of his employment for any reason the savings account shall automatically become the property of the Chief Executive Officer."

The board of trustees has failed to pay Roberto any monies allegedly earned in the deferred compensation account.

Following appellees' answer and amended counterclaim, Roberto filed a motion for summary judgment on his amended complaint. In support of that motion, Roberto argued appellees breached their contracts with him by refusing to honor them following his termination from employment.

In response to said motion, appellees filed an opposing memorandum claiming Roberto's theft of hospital funds constituted a willful breach of the very employment contracts he sought to enforce and, therefore, said appellees were excused from having to perform any further obligations contained therein. On October 11, 1985, the common pleas court filed a decision denying Roberto's motion for summary judgment in its entirety.

Appellees then filed two motions for partial summary judgment seeking dismissal of two of Roberto's claims relating to the purchase of insurance as well as the use of an automobile. The trial court dismissed these two counts. An appeal in this court, *Roberto v. Brown Cty. Gen. Hosp.* (Feb. 8, 1988), Brown App. No. CA87-06-009, unreported, reversed and remanded the judgment of the trial court.

Subsequently, the parties settled all outstanding claims except the question of whether Roberto is entitled to the deferred compensation account. The trial court heard the case finding that Roberto may recover those amounts deposited in the account during 1977 and 1978, but denied any legitimate right to those monies deposited from 1979 through 1982.

Following the entry of judgment in conformity with the trial court's decision, this appeal was filed. Roberto sets forth the following assignment of error:

"The trial court committed prejudicial error when it refused to award

---

[1] Roberto's termination was brought about because he embezzled hospital monies. Roberto was convicted of theft in office in an action, the record of which is not now before us. Claims based upon monies Roberto allegedly embezzled were filed as counterclaims by the Brown County Board of Commissioners. Roberto frankly admitted to some of these claims and tendered checks to the clerk of courts totaling $54,149.81.

appellant the full amount of the deferred compensation account together with interest from the date of his termination."

Roberto advances the position that the plain language of an employment contract controls each party's rights and obligations, irrespective of any "disloyal" and/or "criminal" conduct which may constitute a breach of such agreement. We disagree.

A contract of employment implicitly contains an agreement that the employee will act in good faith and will not act to the detriment of his employer. See *American Ins. Group* v. *McCowin* (1966), 7 Ohio App. 2d 62, 65, 36 O.O. 2d 153, 155, 218 N.E. 2d 746, 748; 39 Ohio Jurisprudence 3d (1982), Employment Relations, Sections 133 and 134. Further, an agent owes the duty of exercising the utmost fidelity, good faith and loyalty, and, thereby, may not acquire an adverse interest to that of his principal in order to reap a secret profit. *Hey* v. *Cummer* (1950), 89 Ohio App. 104, 139, 45 O.O. 392, 408, 97 N.E. 2d 702, 719.

In the case *sub judice,* Roberto's contract of employment contained an implied and constructive condition that he would in good faith perform his duties as hospital administrator. This condition requires that Roberto as an agent exercise the utmost degree of fidelity and loyalty in his dealings with his principal, Brown County General Hospital. However, once the employee's condition for payment of services is broken, thereby causing a breach, the employer has absolutely no obligation to uphold its end of the bargain, since consideration on the part of the employee does not exist.

Accordingly, the court adopts the "faithless servant doctrine" enunciated by the Kansas Supreme Court in *Bessman* v. *Bessman* (1974), 214 Kan. 510, 520 P. 2d 1210.

The "faithless servant doctrine" in *Bessman, supra,* holds that dishonesty and disloyalty on the part of an employee which permeates his service to his employer will deprive him of his *entire agreed compensation,* due to the failure of such an employee to give the stipulated consideration for the agreed compensation. Further, as public policy mandates, an employee cannot be compensated for his own deceit or wrongdoing. However, an employee's compensation will be denied only during his period of faithlessness.

2 Restatement of the Law 2d, Agency (1958), Section 469, states:

"An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty; if such conduct constitutes a willful and deliberate breach of his contract of service, he is not entitled to compensation even for properly performed services for which no compensation is apportioned."

Clearly, the "faithless servant doctrine" is a recognized rule of law in the state of Ohio which requires a disloyal and deceitful employee to forgo his compensation during such period of "faithlessness." The Cuyahoga County Court of Appeals in *Hey, supra,* followed this legal principle, quoting *Lamdin* v. *Broadway Surface Advertising Corp.* (1936), 272 N.Y. 133, 5 N.E. 2d 66, as follows:

" 'An agent is held to *uberrima fides* in his dealings with his principal, and if he acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal, as to forfeit any right to compensation for services.  * * *' " *Hey, supra,* at 140-141, 45 O.O. at 408, 97 N.E. 2d at 720.

In the instant case, Roberto unmistakably breached his employment contract by acting in a dishonest and

disloyal manner. By embezzling approximately $54,000 from appellees, Roberto failed to perform his obligations consistent with his employment contract, resulting in a material breach. Therefore, Roberto's ongoing and pervasive conduct as a wayward and unruly agent of the Brown County General Hospital compels this court to deny his request that the deferred compensation allegedly "earned" during his period of "unfaithfulness" be tendered to him.

Hence, stealing or embezzling monies which are rightfully the property of one's employer constitutes a willful and deliberate breach of an employment contract, justifying withholding of compensation during the faithless period since the compensation for that period has not been properly earned.

Accordingly, we hold that Roberto's embezzlement of approximately $54,000 constitutes a material and willful breach of his contract of employment, thereby abrogating the obligation of appellees to compensate this individual consistent with such contract. Hence, Roberto's assignment of error is not well-taken.

*Judgment affirmed.*

JONES, P.J., and HENDRICKSON, J., concur.