AMERICAN INSURANCE GROUP, APPELLANT, *v.* McCOWIN, ADMX.,
ET AL., APPELLEES.

[Cite as American Ins. Group v. McCowin, 7 Ohio App. 2d 62.]

(No. 1664—Decided July 20, 1966.)

*Messrs. Haynes & Sontich,* for appellant.
*Messrs. Guarnieri & Secrest,* for appellee Helen McCowin,
administratrix.

JOHNSON, P. J.  This is an appeal on questions of law
from an order of the Common Pleas Court of Trumbull County
sustaining a demurrer of the defendant-appellee Helen Mc-
Cowin, administratrix of the estate of Lester McCowin, de-
ceased.

A motion was filed by such defendant asking the trial
court to dismiss the plaintiff's petition.  Since no grounds for
dismissal were stated, the trial court treated the motion as a
demurrer and dismissed the plaintiff's petition on the grounds
that the same had not been filed within the two year statute
of limitations.

Decedent, Lester McCowin (hereinafter called McCowin)
was employed by State Chevrolet Auto, Inc. (hereinafter
called State) as an automobile salesman.  McCowin owned a
1956 Chevrolet automobile.  Under his employment agreement,

in addition to owning his automobile he was to carry his own liability insurance. McCowin was covered by a policy of liability insurance issued by the Allstate Insurance Company (hereinafter called Allstate).

State also had in full force and effect a comprehensive liability insurance policy issued by American Insurance Group (hereinafter called American), which effected liability insurance coverage on McCowin as well as the other personnel of State.

On April 13, 1956, McCowin, while operating his own 1956 Chevrolet automobile, and while in the course of his employment, did demonstrate it to one Harry L. Cornman (hereinafter called Cornman), a passenger and prospective purchaser. In so doing he operated his vehicle in a negligent manner, causing Cornman to sustain personal injuries.

Cornman sued State in Mahoning County Common Pleas Court case number 149467. Allstate was advised of the accident and later the lawsuit, and, although demand was made, refused to defend the claim.

This action was predicated on the negligence of State by and through its employee, McCowin, by application of the doctrine of *respondeat superior*, as indicated by the second amended petition in such case, marked as Exhibit B, and attached to the amended petition filed herein.

Thereafter American effected a settlement of the claim on May 11, 1957.

On December 1, 1958, American filed a petition, and on February 2, 1959, an amended petition, against the defendant Helen McCowin, as Administratrix, American having been subrogated to the rights of State.

The theory of American is to recover a judgment against the decedent's estate by reason of the negligence of the employee, McCowin, and the right of the employer to recover against the employee.

A motion was filed on February 16, 1965, by the decedent's administratrix to dismiss American's petition. This motion was treated as a demurrer by the court, and the petition was dismissed for the reason that American failed to file its petition within the two year statute of limitations provided for in Section 2305.10, Revised Code.

The primary question presented by this appeal is whether American's action is barred by the statute of limitations. Secondarily, American questions the right of the trial court to treat a motion to dismiss as a demurrer for the purpose of disposing of the same.

The secondary question can be answered under the authority of *State, ex rel. Greenwood,* v. *Baals,* 66 Ohio App. 255, wherein at page 256 it is stated:

"In this situation, we are constrained to consider the motion to dismiss as a demurrer to the petition, testing the legal right of the relator to the relief sought."

See, also, *Zajachuck* v. *Willard Storage Battery Co.,* 106 Ohio St. 538.

Coming to the primary question, American contends that its right of action is not limited by the provisions of Section 2305.10, Revised Code, but by virtue of the provisions of Section 2305.07, Revised Code, its action has been timely filed.

Section 2305.10, Revised Code, provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Section 2305.07, Revised Code, provides:

"Except as provided in Section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute or other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

We are thus confronted with the question of whether the right of reimbursement of American arises *ex contractu* or *ex delicto.* In the former, the statute of limitations (Section 2305.-07, Revised Code) is six years, in the latter (Section 2305.10, Revised Code), it is but two years.

Liability in the case filed by Cornman against State, in Mahoning County, arose by reason of the fact that its employee, McCowin, while engaged in the scope of his employment, did negligently injure Cornman. Thus the doctrine of *respondeat superior* placed liability on the employer for the employee's negligent acts. The liability is *imputed* to State and does not arise because State and its employee are joint tort feasors. (This is sometimes referred to as the doctrine of primary and secondary liability.)

As was said in *Pacific Employers Ins. Co.* v. *Hartford Accident & Indemnity Co.*, 228 F. 2d 365 (certiorari denied October 8, 1956, 352 U. S. 826, 1 L. Ed 2d 49, 77 S. Ct. 38), at page 373:
"* * * when the tort is committed in accordance with the express orders of corporate officers or agents carrying out corporate policy, the corporation is a *joint tort-feasor,* * * *. However, if the tort is the undirected act of the employee acting within the scope of his employment, the corporation is liable solely under the doctrine of *respondeat superior.* * * *"

The relationship of employer and employee arises by contract either express or implied.

When a contract of employment was entered into between State and McCowin, it was an implied condition of such contract, if not otherwise expressed, that McCowin was bound to act in good faith and to exercise reasonable care and diligence in performing his tasks. Failure to so act in the interest of his employer constituted a breach of his employment contract. See *Ohio Casualty Ins. Co.* v. *Capolino*, 44 Ohio Law Abs. 564.

Subrogation, as defined in Black's Law Dictionary, is:
"The substitution of one person in the place of another with reference to a lawful claim, demand or right, * * *."

As a substitute, a subrogee insurer stands in no higher position and can have no greater right than its insured. The right of State to recover against its employee is not bottomed in tort, but rather on the indemnity implied in the employment contract. As was said in the *Pacific case, supra* (228 F. 2d 365), at page 373:
"Although an insurer subrogated to the rights of an insured is subject to the same statute of limitations as the insured, * * * still an action by Pacific as subrogee of Neil against the two employees would not be a personal [injury] action but rather an action for the enforcement of a right based upon an implied contract of indemnity, *Ohio Casualty Co.* v. *Capolino*, Ohio App. 1945, 65 N. E. 2d 287. * * *"

To hold otherwise would in effect deny to most insurer-subrogees any right of recovery, for all practical purposes. The right of subrogation arises only *after* payment has been made as a result of the negligent acts of the employee. In the typical personal injury claim, if a subrogation action had to be instituted within the two year statute of limitations imposed by Section 2305.10, Ohio Revised Code, a subrogee could not

state a cause of action, for the following reasons: The original action of the injured party could be filed at any time within two years after the accident occurred. But the imputed negligence of the defendant-employer in all probability would not have been determined within the two year period (other than by settlement), and in like manner the amount for which indemnification was sought could not be set out. Frequently, the time from the filing of a case to its disposition is a period of four or five years.

Appellee urges that by reason of the provisions of Section 2307.191, Revised Code (wherein, among others, employers and employees may be joined by a plaintiff in the same action), the decision of *Ohio Casualty Ins. Co.* v. *Capolino*, 44 Ohio Law Abs. 564, is no longer applicable. Conceded that the permissible joinder facilitates action by an injured person, which was not available to a plaintiff until the passage of the above statute, it does not in any way effect the contractural rights existing between the employer and the employee.

The headnote of *Ohio Casualty Ins. Co.* v. *Capolino*, 44 Ohio Law Abs. 564, reads as follows:

"When an insurance company, after issuing a policy of insurance protecting an assured against loss or claims made against the assured due to the negligence of any employee and by the terms of the policy on the payment of a claim is subrogated to the rights of the assured and where such insurer has paid to a third party certain damages sustained by him because of the negligence of an employee of the assured while acting in the course and scope of his employment, an action by the insurer seeking reimbursement from the employee is an action based on contract and is not barred until six years have passed from the date the action accrued."

With this statement of law we agree. The present action having been filed within the six year period provided by Section 2305.07, Revised Code, the trial court erred in sustaining the motion to dismiss the petition filed herein; and the judgment is, therefore, reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed.*

Jones and Lynch, JJ., concur.