FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, APPELLANT, v. ANTOL, APPELLEE.

(No. 82AP-1007—Decided March 8, 1984.)

Messrs. McNamara & McNamara and Mr. Mark W. Bean, for appellant.

Messrs. Carlile, Patchen, Murphy & Allison and Mr. Brian L. Trotier, for appellee.

MOYER, J. This case is before us on the appeal of plaintiff-appellant, Firemen's Insurance Company of Newark, New Jersey, from a judgment of the Franklin County Court of Common Pleas finding that plaintiff's claim against defendant-appellee, Michael L. Antol, was barred by the six-year statute of limitations found in R.C. 2305.07. Although the appeal was assigned to the accelerated calendar at counsel's request, it has not been considered as an accelerated appeal by the court because Local R. 4(6)(b) of this court applies. For that reason, we have also sustained plaintiff's motion to file a reply brief.

The parties agree that the six-year statute of limitations for contracts not in writing applies to this case and that the following facts gave rise to this controversy. Defendant, while he was employed by Anaconda Company, participated in an embezzlement scheme devised by his supervisor. Anaconda Company discovered the embezzlement in November 1974 and plaintiff, which had issued a bond covering Anaconda's losses due to employee dishonesty, received notice of the embezzlement in December 1974 or January 1975.

By May 5, 1975, when defendant pleaded guilty to embezzlement charges in North Carolina, plaintiff had determined the validity of Anaconda's loss. However, plaintiff did not issue its check to Anaconda in payment for the loss until July 11, 1975.

This suit was filed by plaintiff on May 11, 1981, to recover from defendant the amount plaintiff had paid to Anaconda, minus the amount of reimbursement defendant had already made.

Plaintiff raises the following assignment of error in support of its appeal from the trial court's judgment:

"The trial court improperly held as a matter of law that the claim of Firemen's Insurance Company of Newark, New Jersey, plaintiff-appellant, was barred by Ohio Revised Code Section 2305.07."

The sole issue presented by this appeal is when a cause of action based on an implied contract of indemnity accrues. Plaintiff argues that the cause of action accrued when plaintiff, the party seeking indemnity from defendant, suffered a loss, i.e., on July 11, 1975, when plaintiff issued the check to Anaconda. Defendant argues that the cause of ac-

tion arose when plaintiff's liability to Anaconda was established, *i.e.,* no later than May 5, 1975, when defendant pleaded guilty to the embezzlement charges.

Some courts have held that an employee's contract of employment implicitly contains an agreement that the employee will act in good faith and will not act to the detriment of his employer. See, *e.g., American Ins. Group* v. *Mc-Cowin* (1966), 7 Ohio App. 2d 62, 65 [36 O.O.2d 153]. Thus, defendant's implied agreement in this case is based upon the fiction that an employee who embezzles from his employer impliedly agrees to pay back his employer.

This type of fictitious "agreement" is known as a quasi-contract or a contract implied in law. It is an obligation imposed by law, regardless of the parties' intentions to promote justice and to prevent fraud or wrongdoing. *Rice* v. *Wheeling Dollar Savings & Trust Co.* (1951), 155 Ohio St. 391, 396 [44 O.O. 374].

Since plaintiff is suing as the subrogee of Anaconda's right to recover from its employee, the resolution of this controversy depends upon whether the obligation imposed by law upon defendant is the duty to indemnify Anaconda against loss or the duty to indemnify Anaconda against liability.

The applicable rule is well-established. If the contract provides indemnity against loss, the alleged indemnitor becomes liable and the cause of action accrues when the person seeking indemnity suffers a loss. If the contract provides indemnity against liability, the indemnitor becomes liable and the cause of action accrues when the liability of the indemnitee arises. Black's Law Dictionary (5 Ed. 1979), at Insurance, Loss, and Indemnity against Liability. See, also, *New York Central RR. Co.* v. *General Motors Corp.* (N.D. Ohio 1960), 182 F. Supp. 273, 290-291; *Henderson-Achert Lithographic Co.* v. *John Shillito*

*Co.* (1901), 64 Ohio St. 236, 254-255; *Wilson* v. *Stilwell* (1859), 9 Ohio St. 467, 470.

In this case, there is no written or oral contract from which we can determine whether the cause of action accrued when plaintiff's liability arose or when plaintiff's loss occurred. In each case such as this, the trial court considering the issue has considerable discretion in determining whether the cause of action accrued on the date liability was established or on the date loss was established since the rule is based entirely upon implications. Thus, attempting to draw a distinction between the two is really an academic exercise that has little bearing upon disposition of the issue. Without attempting to make such distinctions, we conclude that, if an implied agreement to indemnify his employer must be imposed, as it must in this case, such an agreement is an agreement to indemnify defendant's employer for its losses due to defendant's dishonest actions and defendant therefore impliedly agreed to indemnify Anaconda against loss. See *Ronnau* v. *Caravan International Corp.* (1970), 205 Kan. 154, 158-159, 468 P. 2d 118, 122.

The Court of Appeals for Trumbull County held, in a case brought by an employer's insurer to recover from an employee who negligently injured a third party whom the insurer paid, that the insurer's right to be subrogated to its insured's rights arises only after the insurer makes a payment on the policy, *i.e.,* after the insurer suffers a loss. *American Ins. Group* v. *McCowin, supra,* at 65. Thus, since plaintiff is subrogated to Anaconda's right to recover from its employee and plaintiff is suing on that right, plaintiff's right to bring suit did not, under the rationale of the *American Ins. Group* case, arise until it paid Anaconda.

Our conclusion that defendant's implied agreement was an agreement to in-

demnify against loss is also supported by this court's opinion in *Ross* v. *Spiegel, Inc.* (1977), 53 Ohio App. 2d 297, 307 [7 O.O.3d 385], wherein we held that a cause of action based upon an implied contract of indemnity does not accrue until the person seeking indemnification suffers a loss.

Although the trial court found in its conclusions of law that defendant's implied agreement was an agreement to indemnify against loss, it also found that plaintiff's cause of action was barred by the statute of limitations. This finding and the trial court's judgment are inconsistent since, if the agreement was to indemnify against loss, the loss did not occur until payment was made on July 11, 1975, and this action was filed within six years after that date.

This inconsistency and the fact that the trial court found that defendant impliedly agreed to indemnify plaintiff, rather than finding that defendant impliedly agreed to indemnify Anaconda and that plaintiff was suing as the subrogee of Anaconda's rights, demonstrate the invalidity of the trial court's final conclusion that the action was barred by the statute of limitations.

Since defendant impliedly agreed to indemnify Anaconda against loss, since plaintiff's cause of action is based on plaintiff's subrogation to Anaconda's right to bring suit on that implied indemnity agreement, and since plaintiff suffered no loss until it paid Anaconda on July 11, 1975, plaintiff's cause of action did not accrue until July 11, 1975. Plaintiff's claim is therefore not barred by the statute of limitations and its assignment of error is sustained.

Defendant raised other defenses to plaintiff's complaint which the trial court did not consider since it found that the complaint was time-barred. For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and REILLY, JJ., concur.

WHITESIDE, J., concurring. While the basic issue before us is whether plaintiff's claim for indemnification is barred by the six-year limitation of R.C. 2305.07, it is unnecessary to imply a nonexistent agreement between the parties and then attempt to ascertain the terms of that agreement. There simply is no express contract of indemnity between the parties created by implication or otherwise. We have no need to find a fictional contract and then proceed on that basis. Nor are we considering an implied contract of defendant to repay Anaconda, similar to the common-law action for money had and received; nor are we considering plaintiff's right to subrogation of Anaconda's claim against defendant. Rather, we have before us only plaintiff's claim for indemnification from defendant.

Such as it exists, the "contract" between the parties is not an "implied-in-fact" contract but, rather, arises solely from an implied-in-law duty to reimburse another who has been compelled to pay what one should have paid. While indemnity may arise solely from implication, the resultant contract is an implied-in-law (not an implied-in-fact) contract. *Travelers Indemnity Co.* v. *Trowbridge* (1975), 41 Ohio St. 2d 11 [70 O.O.2d 6]. The confusion created by considering the contract to be implied in fact prevents my joining the majority opinion.

Regardless of the existence of a "meeting of the minds," and mutual understanding as to terms, or of defendant's intent whether or not expressed, the law implies a contractual-type duty

upon defendant to reimburse plaintiff for its fulfillment of a duty to make payment of defendant's legal obligation somewhat similar to the common-law money count of money paid, except that payment was made under fulfillment of a duty, rather than a request of defendant.

Unlike a subrogated claim, a claim for indemnity does not arise until payment is made in the absence of an express contractual provision providing for an earlier accrual. Since here there is no express contract, there can be no claim for indemnification until payment is made. See *Travelers Indemnity Co., supra.* Contrary to the discussion by the majority, this is not a matter of discretion for the trial court but, instead, as a matter of law, there is no claim on the part of plaintiff for indemnification, nor any duty on the part of defendant to reimburse plaintiff until such time as plaintiff has paid that which defendant should have paid, as this court expressly held in *Ross* v. *Spiegel, Inc.* (1977), 53 Ohio App. 2d 297, 307 [7 O.O.3d 385], and as did the Supreme Court in the syllabus of *Henderson-Achert Lithographic Co.* v. *John Shillito Co.* (1901), 64 Ohio St. 236.

While there may be a difference between indemnification and subrogation, no such issue has been raised herein, nor has any issue of the possible tolling of the statute of limitations.

Accordingly, I concur in the judgment of reversal since the law is clear that, in the absence of an express agreement otherwise, a claim for indemnification does not arise until the payment is made for which indemnification is sought.