STENGEL, Appellant; Krone et al., Appellees,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Stengel v. Columbus* (1991), 74 Ohio App.3d 608.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP-1416.

Decided June 20, 1991.

*Steve J. Edwards and John H. Lewis,* for appellants Casey D. Stengel, Estate of Robert D. Ruff, and Estate of Michael JD Noe.

*Ronald J. O'Brien,* City Attorney, and *Glenn B. Redick,* for appellee city of Columbus.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Casey D. Stengel, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant, city of Columbus ("city").

Plaintiff, along with representatives of the estate of Robert D. Ruff and Michael JD Noe ("plaintiffs," collectively), filed the instant action in an effort to collect a judgment taken against defendant Raymond Belcher in 1974. The events ultimately leading to their judgment transpired in the early morning hours of March 1, 1971, when Belcher, an off-duty Columbus police officer, intervened in a barroom brawl, fatally wounding Ruff and Noe and permanently injuring plaintiff. Plaintiffs subsequently sued Belcher and the city in federal court for damages arising from civil rights violations. While summary judgment was granted in favor of the city prior to trial, the city nonetheless continued to participate in Belcher's defense. The jury ultimately returned a verdict for plaintiffs and awarded damages in excess of $800,000.[1] Arguing the city's moral obligation to pay, plaintiffs made several unsuccessful attempts to collect the judgment directly from the city.

On November 24, 1987, more than thirteen years after the original judgment entry, plaintiffs brought an action in federal court against Belcher and the city seeking an order compelling the city to indemnify Belcher for the unpaid portion of the judgment, plus interest. Plaintiffs alleged both violations of due process and equal protection under the United States Constitution, as well as violations of the city's statutory duty to indemnify Belcher under the newly enacted provisions of R.C. 2744.07(A)(2). Plaintiffs' constitu-

---

1. The district court judgment was affirmed in *Stengel v. Belcher* (C.A.6, 1975), 522 F.2d 438, writ of certiorari dismissed as improvidently granted in *Belcher v. Stengel* (1976), 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269.

tional claims were dismissed with prejudice and, on October 18, 1989, the federal district court declined to exercise further jurisdiction over the remaining state law claim, which was dismissed without prejudice.

On August 23, 1989, plaintiffs filed the present action against Belcher and the city in common pleas court; and the city and plaintiffs filed cross-motions for summary judgment. The common pleas court granted the city's motion for summary judgment and denied plaintiffs' motion,[2] holding that plaintiffs' cause of action under R.C. 2744.07 was barred by the applicable statute of limitations. In the alternative, the trial court held that even if plaintiffs' claim had not lapsed, application of R.C. 2744.07 to the instant claim violated the constitutional proscription against retroactive laws embodied in Section 28, Article II of the Ohio Constitution.

Plaintiff Stengel appeals therefrom, assigning the following error:

"I. The court erred in finding that plaintiffs-appellants failed to meet the statute of limitations for bringing a claim under Revised Code Section 2744.07.

"II. The court erred in its finding that plaintiffs-appellants had no standing to sue the defendants to collect their judgment.

"III. The court erred in allowing defendant-appellee city of Columbus to raise a defense that Revised Code Section 2744.07 violates Article II, Section 28 of the Ohio Constitution.

"IV. The court erred in finding that Revised Code Section 2744.07 violates Article II, Section 28 of the Ohio Constitution.

"V. The court erred in failing to grant plaintiffs'-appellants' motion for summary judgment against defendant-appellee city of Columbus."

Under his first assignment of error, plaintiff contends that the trial court erred in finding that he failed to timely commence this action under the applicable statute of limitations.

■ In accordance with Civ.R. 56, we consider the evidence most strongly in favor of the nonmoving party; and we will grant summary judgment only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

---

**2.** We note that Belcher arguably asserted an independent claim for indemnity against the city by way of his answer to plaintiffs' complaint. However Belcher's claim, if any, is not the subject of this appeal.

Plaintiff sought an order under R.C. 2744.07(A)(2) compelling the city to indemnify Belcher for the full amount of the federal court judgment rendered against Belcher in 1974, plus interest.[3]

R.C. 2744.07(A)(2) provides:

"Except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of his employment or official responsibilities."

 Plaintiff contends that the instant action is merely an attempt to collect an unsatisfied judgment for which no statute of limitations exists. We disagree. It is axiomatic that a money judgment is satisfied from the property of the judgment debtor. See, e.g., R.C. Chapter 2723 et seq.; R.C. Chapter 2716 et seq. Although the city was named as a party defendant in the original civil rights action, the claim against the city was dismissed with prejudice. Thus, no judgment was taken against the city upon which plaintiff may demand execution.

 Further, R.C. 2744.07(A)(2) creates a statutory obligation to indemnify rather than a means to enforce a judgment. In dealing with common-law indemnity claims, the courts have consistently held that the right of indemnity, being collateral to the underlying claim which gives rise to the right, is a separate cause of action maintainable only within the prescribed statute of limitations. See, e.g., Fireman's Ins. Co. v. Antol (1984), 14 Ohio App.3d 428, 14 OBR 547, 471 N.E.2d 831; Ross v. Spiegel, Inc. (1977), 53 Ohio App.2d 297, 7 O.O.3d 385, 373 N.E.2d 1288; McPherson v. Cleveland Punch & Shear Co. (C.A.6, 1987), 816 F.2d 249; New York Central RR. Co. v. Colonial Stores, Inc. (S.D.Ohio 1971), 332 F.Supp. 531. The issue, then, resolves to applying the statute of limitations appropriate hereunder in order to determine whether plaintiff's action in indemnity under R.C. 2744.07(A)(2) is time-barred. See R.C. 2305.03; Abraham v. Natl. City Bank Corp. (1990), 50 Ohio St.3d 175, 178, 553 N.E.2d 619, 622.

---

**3.** The city argues that plaintiff has no standing to assert a claim under R.C. 2744.07(A)(2) and, that even if this court finds that plaintiff does have standing, retroactive application of the statute to plaintiff's action is unconstitutional. In order to effectively resolve plaintiff's first assignment of error we will assume, without deciding, that plaintiff has proper standing and that application of R.C. 2744.07(A)(2) herein is constitutional.

█ A statute of limitations begins to run when the cause of action accrues. See *Children's Hosp. v. Ohio Dept. of Pub. Welfare* (1982), 69 Ohio St.2d 523, 23 O.O.3d 452, 433 N.E.2d 187. As a general rule, an action based on an *implied* right of indemnity does not accrue until the party seeking indemnity actually suffers a loss. *Ross, supra,* 53 Ohio App.2d at 307, 7 O.O.3d at 391, 373 N.E.2d at 1295. However, in *Fireman's Ins. Co.,* we recognized that when dealing with an express contract of indemnity, the language of the contract controls the accrual of the right:

" * * * If the contract provides indemnity against loss, the alleged indemnitor becomes liable and the cause of action accrues when the person seeking indemnity suffers a loss. If the contract provides indemnity against liability, the indemnitor becomes liable and the cause of action accrues when the liability of the indemnitee arises. * * * " *Id.,* 14 Ohio App.3d at 429, 14 OBR at 548, 471 N.E.2d at 833.

█ In this instance, the right of indemnity is created by statute. Consequently, the language of the statute arguably determines the moment the right accrued. Pursuant to R.C. 2744.07(A)(2), " * * * a political subdivision shall indemnify and hold harmless an employee *in the amount of any judgment,* other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court * * * ." (Emphasis added.) Indeed, plaintiff argues that, under the statute, any obligation of the political subdivision to indemnify its employee is triggered by the entry of the suitable "judgment" against the employee of a political subdivision and not by the actual payment of the judgment by the employee; that the statute creates a right of indemnity, irrespective of whether the person indemnified has suffered actual loss. However, even if we apply the statutory language herein as plaintiff asserts, plaintiff's claim for indemnity under R.C. 2744.-07(A)(2) accrued, at the latest, when the federal court judgment rendered against Belcher became final, November 30, 1976.

█ Having determined that plaintiff's indemnity claim is subject to a limitations period commencing on November 30, 1976, we must now determine the length of that period. The city argues that the two-year statute of limitations set forth in R.C. 2744.04 controls plaintiff's claim of indemnity since the claim arises under Title 27 of the Ohio Revised Code. R.C. 2744.04 provides in pertinent part:

"(A) An action against a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action arose,

or within any applicable shorter period of time for bringing the action provided by the Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state."

However, according to Am.Sub.H.B. No. 297:

" 'Sec. 5. (A) The provisions of division (A) of section 2744.04 of the Revised Code, as enacted by this act, shall apply only to causes of action against political subdivisions for injury, death, or loss to persons or property that arise on or after November 20, 1985. With respect to causes of action against a political subdivision for injury, death, or loss to persons or property that arose prior to November 20, 1985, that have not been barred by a statute of limitations specified in the Revised Code, and that are not, on November 20, 1985, the subject of a civil action pending in a court of this state, a civil action based on such a cause of action shall be brought within the applicable statute of limitations.' "

Given the foregoing, the legislature apparently intended that the two-year limitations period apply only to actions arising under Title 27 after its effective date of November 20, 1985. For those actions arising prior to that date, the "applicable statute of limitations" period provided in other portions of the Revised Code controls. Thus, even if R.C. 2744.04 is intended to apply to indemnity actions arising under R.C. 2744.07(A)(2), it does not apply to plaintiff's claim.

■ The trial court, however, also considered the limitations period provided by R.C. 2305.07, which states:

"Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or *upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.*" (Emphasis added.)

Plaintiff's claim for indemnity, asserted under statutory authority, arguably falls within the intended scope of R.C. 2305.07. Applying a six-year limitations period, the last date on which plaintiff's claim could have been timely filed was November 30, 1982, six years after the original federal court judgment became final. Thus, even if we conclude that the prior claim for indemnity filed in federal district court on November 24, 1987 effectively tolled the state statute of limitations, the claim was not timely filed.

In addition to R.C. 2305.07, the trial court also considered the lengthier statutory period set forth in R.C. 2305.14, which provides:

"An action for relief not provided for in sections 2305.04 to 2305.131, inclusive, and section 1304.29 of the Revised Code, shall be brought within ten

years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

Even if we could conclude that R.C. 2305.14 applies to plaintiff's indemnity claim arising out of his federal court judgment, plaintiff's claim became time-barred in June 1986, well before plaintiff's complaint was filed in common pleas court, or in the federal court if we deem that action to toll the state statute of limitations.

In the final analysis, the trial court correctly ruled that plaintiff's indemnity action under R.C. 2744.07(A)(2), if any, was barred by the applicable limitations period. Accordingly, plaintiff's first assignment of error is overruled.

■ Having determined that plaintiff's action under R.C. 2744.07(A)(2) was not timely filed, we refrain from specifically addressing the constitutional issues raised in connection with plaintiff's second, third, and fourth assignments of error, as the court of appeals need not address constitutional issues unless the necessity for a decision arises on the record. See *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, at fn. 17. Similarly, to the extent the trial court may have erred with respect to the standing issues raised in plaintiff's second and third assignments of error, that error is not prejudicial in light of our disposition of plaintiff's first assignment of error. Consequently, plaintiff's second, third, and fourth assignments of error are overruled.

In his fifth assignment of error, plaintiff contends that the trial court erred by denying plaintiff's motion for summary judgment. Having determined that defendant's motion for summary judgment is dispositive of plaintiff's claim against the city, we overrule plaintiff's fifth assignment of error.

Finally, plaintiff asserts the trial court erred in ordering reimbursement to Belcher. In its decision, the trial court ordered the common pleas clerk to return to Belcher the sum of $989 as follows:

"Defendant Belcher is entitled to reimbursement of approximately $989 escrowed with the Clerk of Courts herein, the Court must find that Plaintiff's action must fail based upon the reasoning enunciated above. * * * If the statute is applicable in this instant matter, the payment made by Defendant Belcher is apparently $989. The right of recovery would be limited to that amount as Office [*sic*] Belcher has suffered no loss beyond that amount which would require indemnity by the City."

Plaintiff contends that the $989 referred to in the decision of the trial court represents Belcher's partial payment of the judgment owed to plaintiff and that this sum was deposited with the Federal District Court, Southern District of Ohio, Eastern Division, not with the common pleas court. While the record

indicates that the sum of $980.26 was, at one time, deposited with the federal district court during the pendency of plaintiff's prior indemnity action, nothing indicates a deposit with the clerk of the common pleas court. Accordingly, given the state of the record, we find no basis in the record for the trial court's order and we reverse that order of reimbursement.

Having overruled each of plaintiff's assignments of error, but having reversed the order of reimbursement, we hereby affirm the judgment of the trial court as to the city, but reverse the trial court's order of reimbursement.

*Judgment affirmed in part*
*and reversed in part.*

BOWMAN, P.J., and STRAUSBAUGH, J., concur.