MARY EILEEN KILBANE, P.J., DISSENTING:
 

 {¶ 51} I respectfully dissent. I would affirm the judgment of the trial court and proceed to address Ayers's cross-claim.
 

 {¶ 52} Ayers was convicted in December 2000. After suffering over a decade of wrongful imprisonment, Ayers prevailed on his federal habeas corpus claims and was released from prison in 2011. He subsequently prevailed in a federal action against Kovach and Cipo for violating his civil rights. The district court originally dismissed his claim against the City for statutory indemnification, finding it was
 premature until a judgment was rendered against the detectives.
 

 {¶ 53} After judgment was rendered, the district court declined to exercise supplemental jurisdiction over the state law claim. Instead, the district court directed Ayers to pursue the statutory indemnification claim in state court. In doing so, the district court "reject[ed] the notion that only Detectives Cipo and Kovach as employees [could] assert a claim for indemnification."
 
 Ayers v. Cleveland
 
 , D.D.C. No. 1:12-CV-00753,
 
 2014 WL 2042254
 
 , at *2 (May 6, 2014). The court reasoned that "[t]o hold otherwise would defeat the statute's purposes of sparing municipal employees from having to pay a judgment prior to indemnification and to ensure members of the public harmed by municipal employees are made whole."
 

 Id.
 

 The district court further found that
 

 [t]he state courts are best suited to decide whether a plaintiff rather than an employee can bring a direct action for indemnification under * * * Ohio Revised Code § 2744.07(A)(2) and whether the City of Cleveland's collective bargaining agreement's $1 million cap on indemnification is compatible with Ohio law.
 

 Ayers
 
 , N.D. Ohio No. 1:12-CV-00753,
 
 2014 WL 3449419
 
 , at *1-2.
 

 {¶ 54} In the instant case, the sole issue decided by the lower court's decision was whether R.C. 2744.07(A)(2) required the City to indemnify its employees and pay Ayers the judgment rendered in the federal civil rights case. The trial court found that it did. For this reason, the trial court did not reach Ayers's alternative claim for indemnification based on the City's collective bargaining agreement with the detectives and found all of the remaining counts in Ayers's complaint moot. Although the trial court did not address Ayers's claim for attorney fees and costs, this court has jurisdiction over this appeal under Civ.R. 54(B) and because the trial court found there was no just reason for delay.
 

 {¶ 55} The majority finds that the City was obligated to indemnify and hold Kovach and Cipo harmless from the judgment pursuant to the conditions of R.C. 2744.07(A)(2). However, the majority concludes that only Kovach and Cipo had standing to enforce the mandatory indemnification provisions of the statute.
 

 {¶ 56} I strongly disagree for the following reasons. First, I do not agree with the majority's conclusion regarding the statutory intent behind R.C. 2744.07(A)(2). Second, I do not agree that only the employee has standing to enforce the City's duty to pay a judgment where there is no dispute regarding the employee's statutory right to indemnification. Third, I would find that Ayers, as a judgment creditor, is the real party in interest and has standing to assert the employees' statutory rights to indemnification against the City to satisfy the judgment. I agree with the United States District Court for the Northern District of Ohio that the state court was best suited to address Ayers's claims.
 
 See
 

 Ayers
 
 , N.D. Ohio No. 1:12-CV-753,
 
 2014 WL 3449419
 
 , at *1-2 ;
 
 Ayers
 
 , N.D. Ohio No. 1:12-CV-753,
 
 2014 WL 2042254
 
 , at *2.
 

 Statutory Intent and Private Cause of Action under R.C. 2744.07(A)(2)
 

 {¶ 57} R.C. 2744.07(A)(2) provides:
 

 (2) Except as otherwise provided in this division,
 
 a political subdivision shall indemnify
 
 and hold harmless an employee in the amount equal to
 
 any judgment
 
 , other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court * * * that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting
 in good faith and within the scope of employment or official responsibilities.
 

 (Emphasis added.)
 

 {¶ 58} The majority indicates that Ohio courts use the three-part test established by
 
 Cort,
 

 422 U.S. 66
 
 ,
 
 95 S.Ct. 2080
 
 ,
 
 45 L.Ed.2d 26
 
 , to determine whether a private cause exists to enforce a statute. However in 2011, this court indicated that "there is ample authority for the proposition that the
 
 Cort
 
 test is no longer valid."
 
 Grey v. Walgreen Co.
 
 ,
 
 197 Ohio App.3d 418
 
 ,
 
 2011-Ohio-6167
 
 ,
 
 967 N.E.2d 1249
 
 , ¶ 8 (8th Dist.). In
 
 Grey,
 
 we indicated that the sole inquiry as to whether a private right of action existed is determined by examining legislative intent.
 

 {¶ 59} We must construe the statute to carry out the intent of the General Assembly.
 
 State v. Roberts
 
 ,
 
 134 Ohio St.3d 459
 
 ,
 
 2012-Ohio-5684
 
 ,
 
 983 N.E.2d 334
 
 , ¶ 12. Courts must "avoid[ ] adopting a construction of a statute that would result in circumventing the evident purpose of the enactment" and we must avoid constructions that lead to "unreasonable or absurd results."
 
 State ex rel. Cincinnati Post v. Cincinnati
 
 ,
 
 76 Ohio St.3d 540
 
 , 543,
 
 668 N.E.2d 903
 
 (1996). Recognizing that Ayers has standing to enforce the City's statutory indemnification and hold harmless obligations furthers the legislature's purpose for enacting the statute as a remedy intended by the law.
 

 {¶ 60} The majority implicitly recognizes that the legislature obviously intended to create a private cause of action against the City for indemnification of the judgment and to hold its employees harmless when it enacted R.C. 2744.07(A)(2). The majority, however, views the only purpose of the indemnification and hold harmless provisions of the statute is "to shield the employee from financial ruin resulting from an act committed within the scope of employment." I disagree.
 

 {¶ 61} The plain terms of the statute evince the intent to satisfy judgments where persons are injured as a result of a municipal employee's conduct committed in good faith in the course and scope of employment, without a triggering event. The terms of the statute could not be more clear. It states: "a political subdivision
 
 shall indemnify
 
 and hold harmless an employee in the amount equal to
 
 any judgment
 
 , other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court[.]" (Emphasis added). R.C. 2744.07(A)(2).
 

 {¶ 62} The statute clearly does not allow for the City to finance the liable employees' personal bankruptcies in lieu of indemnifying them. In most cases, it would likely be more cost effective for the City to require the employee to declare personal bankruptcy than to indemnify the judgments. The purpose of the statute is for the City to pay the judgment, without a triggering event, not for the City to help its employees evade the financial consequences of a judgment that resulted from their tortious conduct.
 

 {¶ 63} Even if we assume that the sole purpose of the statute is to protect the detectives from the injurious effects of the judgment, allowing the City to force Detective Kovach into bankruptcy by refusing or obfuscating the City's responsibility to indemnify, the judgment does not accomplish that purpose. It defeats it. The City's end run in the instant case is circuitous. It circumvents the purpose of R.C. 2744.07(A)(2) and the City's duty under the statute to indemnify its employees for the judgments rendered against them.
 

 {¶ 64} The General Assembly did not intend to expose police officers to bankruptcy as a result of judgments entered against them for good faith acts committed in the scope of their employment. Quite
 the opposite is true. The legislature intended to protect our police officers from financial ruin under those circumstances. There is nothing in the statute that limits the private right of action to enforce the City's indemnification obligations to the employees of the political subdivision, and we should not read that into the statute. Doing so creates both unreasonable and absurd results by denying persons injured by the conduct of City employees acting within the scope of their employment of any meaningful relief.
 

 {¶ 65} The majority's decision turns on who it believes can pursue this private cause of action. The cases the majority relies on to make this distinction involve different statutory language or cases in different procedural postures. For example, in
 
 Strack
 
 ,
 
 33 Ohio App.3d 336
 
 ,
 
 515 N.E.2d 1005
 
 , the appellate court determined that " R.C. 3901.20 and 3901.21, and Ohio Adm. Code 3901-1-07, proscribing unfair trade practices in the insurance industry, do not create an implied private cause of action in favor of insureds."
 
 Strack
 
 at syllabus. However, the
 
 Strack
 
 court found that "[n]owhere in the Ohio statutory or regulatory framework proscribing deceptive trade practices in insurance does it provide a civil remedy to a private party aggrieved by an insurer."
 
 Id.
 
 at 337,
 
 515 N.E.2d 1005
 
 . Instead, the law expressly imposed the duty to enforce the law on the superintendent of insurance.
 

 {¶ 66} The instant case is factually dissimilar from
 
 Strack
 
 because R.C. 2744.07(A)(2) is silent on who can pursue the private cause of action against the City. I see no valid reason to preclude a judgment creditor from pursuing the action when the creditor has a judgment against the employees and there is no dispute that the City is obligated to indemnify and hold its employees harmless from that judgment.
 

 {¶ 67} The majority conflates the authority that a political subdivision's statutory obligation to indemnify its employees with the different principle of law that precludes a party from advancing a claim that would impose direct liability on the subdivision during the litigation phase. The majority relies upon
 
 Piro
 
 ,
 
 102 Ohio App.3d 130
 
 ,
 
 656 N.E.2d 1035
 
 .
 
 Piro
 
 did not address whether a judgment creditor could pursue a post-judgment claim for indemnification against a City. It held that the plaintiff could not pursue a direct cause of action against the political subdivision for the tortious acts of its employees.
 

 {¶ 68} The distinct principles of law recognize, as the district court did, that a judgment creditor's claim for indemnification against the City is premature until the issue of the municipal employee's liability is determined by a final judgment. Ayers is not using R.C. 2744.07(A)(2) to impose direct liability on the City; he is asserting a post-judgment claim to enforce the City's indemnification and hold harmless obligations that were
 
 automatically
 
 triggered by the judgment. The very nature of indemnification is indirect liability whereby one party is obligated to cover the liability of another party.
 

 {¶ 69} I agree with the trial court's analogy that Ayers's indemnification action against the City is akin to post-judgment proceedings against a tortfeasor's insurance company. The insurance company is not directly liable to the injured party during the litigation of the negligence claim. But the insurer is obligated to indemnify its insured tortfeasor and directly pay the judgment to the judgment creditor once the insured is found liable within the coverage terms of the policy by a judgment.
 

 {¶ 70} The statutory indemnity claim was not part of the substantive liability issue in the civil rights action; rather, it is
 the relief afforded to pay the judgment once the verdict and judgment were returned that found the detectives liable. No one could pursue the statutory indemnification claim until that judgment was rendered.
 

 {¶ 71} The City has no defense to its mandatory indemnity obligations because it admits that the detectives were found liable for conduct carried out in good faith within the scope of their employment. Further, the bankruptcy court found that Ayers can pursue this claim against the City, in Kovach's name, without violating the bankruptcy orders. 11 U.S.C. 524 provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." The majority does not address this aspect of the case, which effectively provided an assignment of Kovach's statutory indemnification rights to Ayers.
 

 {¶ 72} The Tenth District in
 
 Stengel,
 

 74 Ohio App.3d 608
 
 ,
 
 600 N.E.2d 248
 
 (10th Dist.1991), found that where the statute provides indemnity against liability, the City (as indemnitor) becomes liable and the cause of action accrues when the liability of the municipal employees arises by entry of a judgment against the municipal employee.
 
 Id.
 
 at 613,
 
 600 N.E.2d 248
 
 . Under the statute, the City's indemnification obligations were triggered by the judgment and did not require any actual payment by the municipal employee.
 

 Id.
 
 Stengel
 
 was an indemnity action brought by the judgment creditor against the City. The
 
 Stengel
 
 court did not resolve whether the judgment creditor had standing to bring the statutory indemnification claim against the City and limited its analysis to the various statutes of limitations that might apply to the claim.
 

 {¶ 73} This is a state law claim and the federal law interpreting it is inconsistent. Nonetheless, I find, as the trial court did, that
 
 Vaughan
 
 , N.D. Ohio No. 1:10CV0609,
 
 2011 WL 5966732
 
 (Nov. 28, 2011),
 
 aff'd in part, rev'd in part
 
 ,
 
 514 Fed.Appx. 611
 
 (6th Cir.2013), to be directly on point. In
 
 Vaughan
 
 , the federal court found that R.C. 2744.07(A)(2) requires the City to indemnify judgments entered against a Shaker Heights detective for liability resulting from good faith acts related to a governmental or proprietary function. "The clear statutory terms require the City of Shaker Heights to indemnify Detective Hyams's conduct for compensatory damages if that conduct was carried out in good faith within the scope of his employment."
 
 Id.
 
 at *4. Therefore, the federal court refused to dismiss the judgment creditor's indemnification claim against the City. In this case, there is a judgment against the City's employees for the good faith acts committed in the scope of their employment. There is nothing in the statutory language that should bar Ayers from asserting this claim against the City.
 

 {¶ 74} The majority considers
 
 Vaughan
 
 to be an outlier and opts to rely instead upon the federal decision in
 
 Ajamu
 
 , N.D. Ohio No. 1:12CV1320,
 
 2016 WL 4013596
 
 , *2 (July 27, 2016), which in turn cited
 
 Maruschak
 
 , N.D. Ohio No. 1:09 CV 1680,
 
 2010 WL 2232669
 
 , at *6, fn. 8 (May 28, 2010). However, the trial court in this case clarified that
 
 Maruschak
 
 had no probative value in resolving the issue of Ayers standing to bring this claim against the City. Specifically, the trial court stated:
 

 Maruschak
 
 * * * is a ruling on a motion to dismiss and is not dispositive of the issues in this case. Interestingly, that case was remanded to the Common Pleas Court and was assigned to this Court's docket. The issue present in this case did not arise in the
 
 Maruschak
 
 case before this Court because it reached a settlement.
 

 (Emphasis added.)
 
 Trial Court's Decision on Summary Judgment at p. 3.
 
 The trial court further noted that the
 
 Ajamu
 
 court adopted dicta from the
 
 Maruschak
 
 decision in finding that the right to indemnification was the right of the employee and was not enforceable against the City.
 

 Id.
 

 [6]
 

 {¶ 75}
 
 Ajamu
 
 did not involve an attempt by a judgment creditor to assert a post-judgment statutory indemnification claim against the City. The court correctly recited that R.C. 2744.07(A)(2)"does not remove a political subdivision's immunity; rather, it obligates the political subdivision to indemnify its employees
 
 if
 
 they are found liable for a good faith act that is related to a governmental or proprietary function." (Emphasis added.)
 
 Ajamu
 
 at *2, citing,
 
 Piro,
 

 102 Ohio App.3d 130
 
 ,
 
 656 N.E.2d 1035
 
 . Until the judgment against the municipal employee is rendered, a plaintiff's statutory indemnity claim is premature. The authority upon which
 
 Ajamu
 
 relied was a mere footnote in the federal district court's decision in
 
 Maruschak
 
 .
 

 {¶ 76} In
 
 Maruschak
 
 , the plaintiff had not obtained any judgment against the City's employees. The federal district court dismissed some counts and then declined to exercise jurisdiction over the remaining state claims that were remanded to the Cuyahoga County Court of Common Pleas. Coincidentally, the claims that were remanded to the state court in
 
 Maruschak
 
 were assigned to the docket of the same jurist that found Ayers does have standing to pursue a post-judgment statutory indemnification claim against the City in this case. It was unequivocally stated that this issue was not addressed, resolved, or decided in
 
 Maruschak
 
 because the case settled.
 

 {¶ 77} I disagree that
 
 Vaughan
 
 is an outlier and submit that it sets forth the proper rule of law.
 

 Id.,
 

 N.D. Ohio No. 1:10CV0609,
 
 2011 WL 5966732
 
 ;
 
 see also
 

 Ayers
 
 , D.D.C. No. 1:12-CV-00753,
 
 2014 WL 3449419
 
 , at *2 (where the district court rejected "the notion that only detectives Cipo and Kovach as employees [could] assert a claim for indemnification."). I would find that the legislature did intend to create a private right of action to enforce the City's indemnity and hold harmless obligations.
 

 Ayers has Standing to Bring the Claim
 

 {¶ 78} Standing is "a party's right to make a legal claim or seek judicial enforcement of a duty or right."
 
 Ohio Pyro, Inc. v. Ohio Dept. of Commerce
 
 ,
 
 115 Ohio St.3d 375
 
 ,
 
 2007-Ohio-5024
 
 ,
 
 875 N.E.2d 550
 
 , ¶ 27. A true party in interest is able to demonstrate an injury in fact, "which requires a showing that the party has suffered or will suffer specific injury."
 
 Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes
 
 ,
 
 176 Ohio App.3d 54
 
 ,
 
 2008-Ohio-1490
 
 ,
 
 889 N.E.2d 1066
 
 , ¶ 13 (3d Dist.2008).
 

 {¶ 79} Generally, a party must pursue its own claims and lacks standing to assert the rights of another. However, a third party may assert the rights of another where the following conditions are met: "a claimant (i) suffers its own injury in fact; (ii) possesses a sufficiently 'close' relationship with the person who possesses the right, and (iii) shows some 'hinderance' that stands in the way of the claimant seeking relief."
 
 N. Canton v. Canton
 
 ,
 
 114 Ohio St.3d 253
 
 ,
 
 2007-Ohio-4005
 
 ,
 
 871 N.E.2d 586
 
 , ¶ 14.
 

 {¶ 80} The majority did not apply the law regarding third-party standing. I would find that Ayers satisfies all three requirements of third-party standing, which in turn would allow him to enforce the City's duty to indemnify the judgment against its employees who violated his civil
 rights.
 

 Id.
 

 His ability to do so furthers not only the secondary purpose of the statute, which is to compensate parties who were injured by the City's employees who were acting in good faith in the course of their employment, but it also serves the primary purpose of the statute, which is to protect those employees from suffering financial ruin. It will eliminate the ability of the employer to manipulate, deceive, or coerce their employees into declaring bankruptcy as a means of avoiding the City's own independent statutory obligations to pay the judgment-which is exactly what happened in this case.
 

 Ayers Suffered His Own Injury in Fact
 

 {¶ 81} The City provided both Kovach and Cipo with a defense in the 2012 civil rights action pursuant to R.C. 2744.07. At no point did the City ever reserve its rights to deny its indemnification obligations pursuant to R.C. 2744.07(A)(2). The trial court order indicates "[i]t was confirmed during a hearing before this Court that Cleveland defended the detectives without any reservation of rights and took the position that all of their actions were taken within the course and scope of their employment and done in good faith." This is an established and irrefutable fact at this stage of the litigation. The City's mandatory statutory indemnification obligations were triggered as a matter of law upon entry of the judgment. The City has no basis upon which to deny or dispute its statutory obligation to indemnify and hold the detectives harmless from the judgment debt. The statute is silent as to who may pursue a statutory indemnification claim when the City breaches its indemnification duty.
 

 {¶ 82} The majority is actually reading a limitation into the statute as to who can bring this claim. This court should not read a limitation into the statute that the legislature chose not to include, especially where it only serves to reward the City's transparent, self-serving efforts to avoid its clear statutory obligations to pay this judgment. The majority's interpretation of the statute will not provide any protection to political subdivision employees and will operate to cause them the very financial ruin and distress that the statute was designed to prevent.
 

 {¶ 83} If Ayers is not permitted to pursue this claim, he will suffer harm because he will not be able to collect from the City on the judgment.
 

 Ayers Possesses a Sufficiently "Close" Relationship with the Person who Possesses the Right
 

 {¶ 84} Ayers, who is entitled to receive payment of the judgment, has a close relationship with Kovach, who would be otherwise obligated to pay it but for the statutory indemnification provisions of R.C. 2744.07(A)(2). Both parties have an interest in having the City's indemnification obligations enforced. Neither party receives any benefit, and both suffer financial detriment if the City is allowed to breach its duty to pay the judgment.
 

 {¶ 85} There is no requirement that a municipal employee has to first pay any amount of the judgment to the plaintiff or that the employee has to make any formal demand to the City to trigger the statutory indemnification obligations of R.C. 2744.07(A)(2). Once the judgment is entered, the City's duty to pay the judgment in the full amount is automatic. There is no requirement that the employee has to file an action or do anything to trigger the City's duty to indemnify the entire amount of the judgment. Ayers, who is the judgment creditor, is the real party in interest and has standing to assert the statutory indemnification claim even if the liable employee chooses to forego it.
 

 This Record Demonstrates a "Hinderance" that Stood in the Way of Kovach and Cipo Pursuing Statutory Indemnification
 

 {¶ 86} The City's machinations in this case hindered Kovach and Cipo from even asking the City to indemnify the judgment and hold them harmless. The City provided the detectives with representation in the civil rights action. The City then failed to advise them of their rights to indemnification, and instead, hired private counsel to have Kovach declare personal bankruptcy.
 
 [7]
 

 {¶ 87} It must be observed that a jury awarded Ayers this judgment because Kovach and Cipo violated his civil rights to the point where he spent over a decade in prison and suffered extensive damage as a result of their actions. By finding only Kovach and Cipo have the power to compel the City to satisfy the judgment, we would be empowering the very same people who violated Ayers's civil rights to expose him to further damage by eliminating his ability to have the judgment satisfied.
 

 Ayers is a Real Party in Interest-Assignment of Rights is Unnecessary
 

 {¶ 88} The majority agrees that the City has no basis to deny the claim, but insists that either Kovach or Cipo must formally assert it. The majority and the City refer to certain post-judgment offers that were made by the City to assign the detectives' indemnification rights to Ayers in exchange for his agreement to forbear collection efforts against them directly. This was unnecessary and not required by the law to trigger the City's statutory indemnification obligations.
 

 {¶ 89} First, the City conceded at oral argument that it has never required this type of an assignment in any other case where it has satisfied a judgment pursuant to its statutory indemnification provisions of R.C. 2744.07. Even if it did, such assignment would be worthless if we proceed to find that the law permits the City to finance the municipal employee's personal bankruptcy in order to extinguish its own obligations to indemnify these judgments. There is no basis in the statute or anywhere else that would authorize the City (who is ultimately responsible to pay the judgment) to assign the officer's rights of indemnification to a third party who has obtained the judgment against the officer.
 

 {¶ 90} In any case, the assignment of the defendant detectives' indemnification rights, if accomplished, seems to be a distinction without a difference. The City knew it had the statutory obligation to pay the judgment and hold its detectives harmless from it, given the fact that they never disputed that all actions were done in good faith and within the scope of employment. There are several references in this record where the City paid monetary judgments directly to the prevailing parties thereby holding their employees harmless, without requiring an assignment and without having any demand to do so from the liable employees. It is difficult to comprehend why the City even made this overture to assign the detectives' statutory rights. If the City had any intention of paying the judgment, it could have just done so.
 

 {¶ 91} Even if Ayers had been assigned the detectives' statutory rights to indemnification, Ayers would still be a third party who the majority finds is not entitled to pursue the claim because the assignment of indemnification rights contradicts the majority's argument as to the invalidity of a third-party claimant.
 

 {¶ 92} Furthermore, if an assignment is deemed necessary, Ayers obtained it through the Kovach bankruptcy proceedings. The bankruptcy court granted Ayers's motion to reopen Kovach's bankruptcy case specifically to allow him to pursue a state court action against the City in Kovach's name. The bankruptcy court recognized Ayers's standing to pursue the indemnification claim against the City as the real party in interest. This would not violate the discharge injunction because the City was obligated to pay the judgment pursuant to its statutory indemnification obligations, not Kovach.
 

 {¶ 93} In the instant case, the City did not indemnify the detectives from the judgment and did not even advise them of their rights to indemnification. Instead, the City actively participated in an effort to deprive Ayers of the judgment by orchestrating a scheme to take the liable detectives through bankruptcy. The City used taxpayer dollars to hire defendant-Attorney Leneghan to represent Kovach through personal bankruptcy in an effort to discharge this debt, with the ultimate goal of extinguishing the City's liability for the judgment. The record contains the City's engagement letter with Leneghan, who would only be paid if he filed for bankruptcy on the detectives' behalf. (Exhibit No. 28 to Ayers's motion for partial summary judgment). Leneghan had no financial incentive to pursue indemnification from the City and there was a clear conflict of interest between the City (that was funding the personal bankruptcy legal representation) and Leneghan's clients (which were the detectives declaring bankruptcy). This conflict was not disclosed to Kovach or Cipo.
 

 {¶ 94} All of these factors demonstrate how the employees were hindered from pursuing their own claims against the City for indemnification and to be held harmless from the judgment. Based on the foregoing, I would find that Ayers, as a real party in interest, can pursue his statutory indemnity claim against the City.
 

 No Dispute that Statutory Indemnification was Triggered
 

 {¶ 95} Because the City defended Kovach and Cipo without a reservation of rights, it is now estopped from denying its statutory indemnification obligations to satisfy the judgment.
 
 See
 

 Oladeinde v. Birmingham
 
 ,
 
 118 F.Supp.2d 1200
 
 , 1211 (N.D. Ala.1999). In
 
 Oladeinde
 
 , the City attempted to deny its obligations to indemnify a judgment entered against its officers after having defended them without a reservation of rights. The court detailed a lengthy history of the City's practice to pay judgments entered against its employees and the troubling aspects of the City's obvious conflict of interest in continuing to represent the detectives once the judgment was rendered that triggered their indemnification obligations.
 

 Id.
 

 The court held the City was obliged to indemnify the judgment and reasoned:
 

 [a]s a matter both of equity and of public policy, the negative consequences that would result from allowing a public employer to deny indemnification under circumstances like these far outweighs any benefits to employers. Unless there is indemnity, a municipality's pecuniary interest lies in having no liability or minimal liability for itself.
 

 Id.
 

 at 1212
 
 .
 

 {¶ 96} Applying similar reasoning, the City is precluded from avoiding its statutory obligation to indemnify the judgment entered against its employees here. The City has, on other occasions, paid judgments directly to the judgment creditors after unsuccessfully defending its employees in lawsuits. The City continued to represent the detectives post judgment and failed to advise them of their rights to
 have the City pay the judgments. The City's undisclosed conflict of interest led Kovach to declare bankruptcy, which was against her interest, but furthered the pecuniary interests of the City.
 

 {¶ 97} I further find that the majority opinion is in conflict with the settled precedent in this district that recognizes the City's automatic statutory obligation to indemnify its employees for acts committed in the scope of employment and in good faith.
 
 See
 

 Lyons v. Teamhealth Midwest Cleveland
 
 , 8th Dist. Cuyahoga No. 96336,
 
 2011-Ohio-5501
 
 ,
 
 2011 WL 5118447
 
 ("Although the law provides that political subdivision employees may be sued individually * * * the political subdivision remains obligated to indemnify and defend its employees pursuant the terms of R.C. 2744.07."
 
 Id.
 
 at ¶ 56.) The instant case creates a previously unrecognized and unintended exception to the law that clearly encourages political subdivisions to attempt to minimize their own obligation to indemnify these types of judgments by compelling their employees to pursue personal bankruptcy and funding it with taxpayer dollars. The conflict created is the majority's holding that political subdivisions will not be obligated to indemnify judgments entered against its employees pursuant to R.C. 2744.07 if the City successfully aids or assists the employee in avoiding or extinguishing the debt, or in circumstances where the individual is no longer employed with the municipality, i.e., fired, retired, deceased.
 

 {¶ 98} I respectfully dissent from the majority's decision that would allow the City to avoid its statutory indemnification obligations by engaging in practices that are against the interests of its employees, that undermine the purposes of the statute, and are against public policy. I would find that under these circumstances, the judgment creditor has standing to pursue the statutory indemnification claim created by R.C. 2744.07(A)(2) once judgment is rendered against the municipal employee resulting in compensatory damages for conduct committed in the course and scope of employment and in good faith. Alternatively, I find that the bankruptcy court's order conferred standing upon Ayers to pursue the claim in Kovach's name because the bankruptcy order did not discharge the City's obligations to indemnify the judgment.
 

 {¶ 99} Because I would affirm the trial court's decision, I would proceed to address Ayers's cross-claim. The federal jury entered its $13,210,000 verdict against the detectives on May 9, 2013, and as the majority notes, the judgment was enlarged to include an additional $390,000 in costs and attorney fees. I would find in favor of Ayers on his cross-claim and remand the matter to have the trial court enter an order directing the City to pay the judgment rendered by district court in the full amount, including costs and attorney fees. Indeed, the state trial court was best suited to decide these issues and did so properly.
 

 The dicta was taken from fn. 8 in the
 
 Maruschak
 
 opinion.
 

 The City entered into an agreement with defendant-Attorney Leneghan in April 2013 to assist Kovach and Cipo with personal bankruptcy proceedings in an effort to secure the discharge of their debt. Cipo passed away in July 2013.