**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0148n.06

**No. 11-4434**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 12, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES VAUGHAN, III, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF SHAKER HEIGHTS; | ) | THE NORTHERN DISTRICT OF |
| DOUGLAS HYAMS, | ) | OHIO |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | OPINION |
| JODY SRSEN; CUYAHOGA COUNTY | ) | |
| COMMISSIONERS; JOHN AND JANE DOES 1- | ) | |
| 10; WILLIAM T. MASON, | ) | |
| | ) | |
| Defendants. | ) | |

Before: SILER, COLE, and SUTTON, Circuit Judges.

**SILER**, Circuit Judge. Plaintiff James Vaughan was accused of sexually assaulting a minor female. Based on the ensuing investigation and criminal trial, Vaughan alleged that his civil rights were violated by the City of Shaker Heights (the "City"), a Cuyahoga County prosecutor, the Cuyahoga County Commissioners, and two Shaker Heights police officers, Detective Douglas Hyams and Corporal Jody Srsen. Defendants moved to dismiss all claims, and the district court granted the motion in part, allowing certain claims against the City and Hyams to proceed. Hyams appealed, arguing that the claims remaining against him are barred by absolute immunity and are insufficiently pled in the amended complaint. The City also appealed, arguing that Vaughan lacks

No. 11-4434
*Vaughan v. City of Shaker of Heights*

standing to assert an indemnification claim. For the reasons explained below, the district court's

order is **AFFIRMED IN PART** and **REVERSED IN PART**.

**I.**

Vaughan was accused of sexually assaulting his friend's nine-year-old daughter and was

initially charged with gross sexual imposition in violation of Ohio Rev. Code Ann. § 2907.05. Srsen

investigated the allegations, and Hyams was later assigned to the case as lead investigator.

Following his investigation, Hyams testified before the Cuyahoga County grand jury and Vaughan

was indicted for rape. Vaughan was convicted and sentenced to life imprisonment without parole.

Soon thereafter, he obtained new counsel who revealed inconsistencies and questionable conduct in

the investigation and prosecution of Vaughan. Counsel successfully moved for a new trial, and

Vaughan was acquitted of all charges.

Vaughan filed suit against Hyams and Srsen, in their individual and official capacities, the

City, a Cuyahoga County prosecutor, and the Cuyahoga County Commissioners, based on their

failure to reveal exculpatory evidence of a social worker's file and Hyams's testimony before the

grand jury. Vaughan's amended complaint specifically alleged: (1) violations of his Fourth, Fifth,

Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) violations of his

constitutional rights pursuant to 42 U.S.C. § 1985, as well as conspiracy to foster and promote

perjured testimony; (3) malicious prosecution under Ohio state law; (4) intentional infliction of

emotional distress; and (5) indemnification against the City for any award against its officers.

The City moved to dismiss all claims against it, arguing that: (1) Vaughan failed to state a

§ 1983 municipal liability cause of action; (2) Vaughan failed to plead conspiracy with the requisite

specificity; (3) the City is immune from Vaughan's state law claims; and (4) Vaughan is precluded from seeking punitive damages from a municipality. Similarly, Hyams moved to dismiss all claims against him, arguing that: (1) he is entitled to absolute immunity for his grand jury and trial testimony; and (2) Vaughan insufficiently pled his claims of failure to disclose exculpatory evidence, conspiracy, malicious prosecution, and intentional infliction of emotional distress. The court dismissed Count Two against Hyams and dismissed Counts One through Four against the City. Claims for failure to disclose exculpatory evidence, malicious prosecution, and intentional infliction of emotional distress remain against Hyams, and an indemnification claim remains against the City. Hyams and the City appeal these rulings.

## II.

A question of absolute immunity is properly reviewable on interlocutory appeal. *Ashcroft v. Iqbal*, 556 U.S. 662, 671-72 (2009). Defendants' arguments on the question of absolute immunity are therefore reviewable at this time, and we review this issue *de novo*. *Spurlock v. Satterfield*, 167 F.3d 995, 1000 (6th Cir. 1999).

Vaughan's § 1983 claim is premised upon Hyams's grand jury testimony and his failure to disclose exculpatory evidence. In *Rehberg v. Paulk*, a case decided after the district court's ruling here but before Hyams's submitted his appeal, the Supreme Court determined that "grand jury witnesses should enjoy the same immunity as witnesses at trial." 132 S. Ct. 1497, 1506 (2012). Therefore, "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Id*. In reaching this conclusion, the Supreme Court explained that no justification exists to "distinguish law enforcement witnesses from lay witnesses," explicitly rejecting the respondent's

argument that absolute immunity did not apply to grand jury testimony provided by police officers. *Id*. at 1505. Because *Rehberg* indisputably allows officers the defense of absolute immunity against any § 1983 claim premised upon grand jury testimony, Hyams's motion to dismiss should have been granted in this narrow regard.

Next, Hyams argued in his motion to dismiss that the amended complaint failed to sufficiently allege that he breached his duty to disclose exculpatory evidence. We ordinarily lack jurisdiction to review orders denying motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) since such orders are interlocutory in nature. *Turi v. Main St. Adoption Servs.*, 633 F.3d 496, 500-01 (6th Cir. 2011). However, we may hear interlocutory appeals "where the issue being raised falls under the collateral-order doctrine or if the issue is 'inextricably intertwined' with another issue" which we have independent jurisdiction to consider. *Id*. at 501. Hyams properly raises only the issue of absolute immunity on appeal, and it is not inextricably intertwined with the issue of failure to disclose exculpatory evidence. Furthermore, Hyams has not raised a qualified immunity claim on appeal. Therefore, we decline to resolve this issue now.

The remainder of Defendants' appeal challenges rulings that also are not entirely reviewable at this time. Hyams and the City moved to dismiss Vaughan's malicious prosecution, intentional infliction of emotional distress, indemnification, and § 1983 claims in part because they are barred by absolute immunity. The defense of absolute immunity is properly reviewable on interlocutory appeal, and we have established that Hyams's grand jury testimony is indeed entitled to such protection. Therefore, to the extent that the remaining claims rely upon such testimony, they should

be dismissed. However, they may proceed if they have a basis otherwise, as we lack jurisdiction to consider their merits at this time.

The district court's rulings are **AFFIRMED IN PART** and **REVERSED IN PART.** Counts One, Three, and Four against Hyams are dismissed to the extent they are based upon Hyams's grand jury testimony, which is protected by absolute immunity. In this narrow regard, the district court's rulings are reversed. These claims may proceed if they are based in part on conduct outside of Hyams's grand jury testimony, because we decline to consider the merits of those claims. We also decline to rule on the issue of the failure to dismiss Count Five concerning indemnification against the City.