NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0558n.06

No. 16-5199

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 03, 2016
DEBORAH S. HUNT, Clerk

ELAINE ROYSE,                                    )
                                                 )
    Plaintiff-Appellant,                         )
                                                 )   ON APPEAL FROM THE UNITED
v.                                               )   STATES DISTRICT COURT FOR
                                                 )   THE EASTERN DISTRICT OF
REED WILBERS, in his individual capacity,        )   KENTUCKY
                                                 )
    Defendant-Appellee.                          )


BEFORE: BOGGS, SUHRHEINRICH, and McKEAGUE, Circuit Judges.


PER CURIAM. Elaine Royse, a Florida resident, appeals a district court order dismissing her civil-rights action, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim.

Royse was charged in state court with knowingly abusing or neglecting an adult, based on an incident that occurred while she was briefly employed as a licensed practical nurse at a nursing home in Kentucky in 2007. The charge was dismissed based on the state court's conclusion that defendant Reed Wilbers, an investigator for the Kentucky attorney general, had presented false testimony before the grand jury. Royse then filed an action for malicious prosecution against Wilbers under federal and state law in the Kentucky state courts, seeking monetary damages. Wilbers removed the action to federal court and filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground of absolute immunity. The district court granted the motion, and this appeal followed.

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts that allow the court to draw the inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this case, the district court concluded that Royse did not allege facts allowing it to draw the inference that Wilbers was liable for malicious prosecution, because the complaint was based solely on his testimony before the grand jury, for which he is absolutely immune. *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1505-06 (2012).

Royse argues that the district court's conclusion is called into doubt by this court's decision in *Webb v. United States*, 789 F.3d 647, 663 (6th Cir. 2015), where we held that the defendant had participated in the decision to prosecute the plaintiffs because he was the only witness before the grand jury. *Webb*, however, was not a decision discussing absolute immunity, but was limited to determining whether the defendant was entitled to qualified immunity on the ground of not having violated the plaintiffs' established rights. Further, review of *Webb* reveals that the defendant in that case had participated in the decision to prosecute in ways other than his grand-jury testimony. In contrast, Royse's present allegations against Wilbers are based entirely in his grand-jury testimony. Moreover, the defendant in *Rehberg* was also the only witness before the grand jury, and that fact did not alter the Supreme Court's conclusion that he was entitled to absolute immunity. *Rehberg*, 132 S. Ct. at 1508. In cases raising an absolute immunity issue, courts have followed *Rehberg* in concluding that, in claims for malicious prosecution based only on grand-jury testimony, absolute immunity applies. *See Coggins v. Buonaora*, 776 F.3d 108, 113 (2d Cir. 2015). We have reached the same conclusion in several unpublished decisions. *See Kavanaugh v. Lexington Fayette Urban Cty. Gov't*, 638 F. App'x 446, 454-55 (6th Cir. 2015); *Vaughn v. City of Shaker Heights*, 514 F. App'x 611, 613 (6th Cir. 2013).

Therefore, the facts alleged in Royse's complaint did not allow the district court to draw the inference that Wilbers was liable for malicious prosecution, because he was entitled to absolute immunity for his grand-jury testimony. We **AFFIRM** the district court's order dismissing this complaint for failure to state a claim.