[Cite as *Steinbrink v. Greenon Local School Dist.*, 2012-Ohio-1438.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

TAD STEINBRINK                                    :

    **Plaintiff-Appellee**                    :C.A. CASE NO. 11CA0050

vs.                                                          :        T.C. CASE NO. 10CV1538

GREENON LOCAL SCHOOL              :        (Civil Appeal from
  DISTRICT, et al.                                                Common Pleas Court)
    **Defendants-Appellants**            :

· · · · · · · ·

**O P I N I O N**

Rendered on the 30th day of March, 2012.

· · · · · · · ·

Mark J. Bamberger, Atty. Reg. No. 0082053, 8 S. Third Street, Tipp City, OH 45371
    Attorney for Plaintiff-Appellee

Brian L. Wildermuth, Atty. Reg. No. 0066303; Lauren K. Epperley, Atty. Reg. No.
0082924, The Greene Town Center, 50 Chestnut Street, Suite 230, Dayton, OH 45440
    Attorneys for Defendants-Appellants

· · · · · · · ·

GRADY, P.J.:

{¶ 1}  This is an appeal from a final order denying a motion for a judgment on the

pleadings.

{¶ 2}  On December 21, 2010, Plaintiff Tad Steinbrink commenced an action on

claims for relief alleging (1) defamation libel, (2) defamation per se, (3) intentional infliction

of emotional distress, and (4) tortious interference with contract.  The Defendants identified

in the complaint are the Greenon Local School District, Lori L. Lytle, Superintendent of the School District, and unnamed "John and Jane Doe" defendants.

{¶ 3}   The complaint alleged that Plaintiff was employed as a high school teacher and assistant high school football coach by the Greenon Local School district (the "District") for seven years.   In March and later in May of 2009, Plaintiff was made aware by Defendants of complaints made against him arising from his work as a football coach.   Following the latter complaint, Plaintiff was placed on administrative leave.   Plaintiff was promised an opportunity to respond to the complaints, following full disclosure by the District of its investigation of the complaints that were made.

{¶ 4}   In a meeting on June 3, 2009, Superintendent Lytle told Plaintiff he had twenty-four hours to resign from his coaching position with the District, following full disclosure of the results of the District's investigation.   Lytle further told Plaintiff that, in any event, the District's Board would hold a special meeting on June 6, 2009, "to discuss the Plaintiff's employment, and that she would have to inform the media (Springfield News Sun) that the meeting was taking place."   (Complaint, ¶ 22.)

{¶ 5}   On June 9, 2009, Plaintiff received notice "that the board would be acting on the termination of Plaintiff's supplemental contract during the July Board meeting."   *Id*., ¶ 34.   Attached to the complaint are copies of a report prepared by Lytle, dated June 19, 2009, captioned: "Harassment Investigation[,] Tad Steinbrink."   The report concludes that Plaintiff's conduct in relation to student athletes who complained "were reprehensible and irresponsible," causing Lytle to ask Plaintiff to resign from his position as assistant football coach.   Because Plaintiff had not resigned, Lytle recommended termination of Plaintiff's

supplemental contract as assistant football coach, and the Board resolved to terminate the contract on June 6, 2009.

{¶ 6} Plaintiff alleges that he was not given timely notice of Lytle's report and recommendation, that he was denied the promised full disclosure, and that Lytle and other representatives of the District subsequently caused "new and damaging comments" concerning Plaintiff to be published in the Springfield News-Sun.

{¶ 7} On January 26, 2011, Defendants the District and Lytle filed an answer to Plaintiff's complaint, denying many of his allegations and pleading twenty-eight affirmative defenses, including statutory immunity. On that same date, Defendants filed a Civ.R. 12(C) motion for judgment on the pleadings. The motion argued that the complaint failed to plead actionable claims for relief, that the District[1] and Lytle are both immune from liability pursuant to R.C. Chapter 2744, that Plaintiff's proper avenue of relief is a claim for worker's compensation benefits, that the Plaintiff's claims for relief for defamation libel and defamation per se are barred by the applicable statute of limitations, R.C. 2305.11, and that Lytle enjoys a qualified privilege arising from her discharge of a public duty. Plaintiff filed a memorandum contra the motion.

{¶ 8} On June 17, 2011, the trial court overruled Defendants' Civ.R. 12(C) motion, without stating its reasons. Defendants appealed from that final order.

FIRST ASSIGNMENT OF ERROR

{¶ 9} "THE TRIAL COURT ERRED IN DENYING THE BOARD IMMUNITY

---

[1] The Board of the Greenon Local School district is the proper party in interest. Defendants did not argue that defect.

UNDER R.C. CHAPTER 2744."

{¶ 10} Civ.R. 12(C) provides:

{¶ 11} Motion for judgment on the pleadings

{¶ 12} After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

{¶ 13} A Crim.R. 12(C) motion presents questions of law only, and a determination of the motion is restricted solely to the allegations in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973); *State ex rel. Midwest Pride IV, Inc. V. Pontious,* 75 Ohio St.3d 565, 664 N.E.2d 931 (1996). Essentially, the motion is a Civ.R. 12(B) motion to dismiss for failure to state a claim on which relief may be granted, but filed after the pleadings are closed. *Terry v. Ottowa County Board of Mental Retardation v. Developmental Disabilities*, 151 Ohio App.3d 234, 2002-Ohio-7299, 783 N.E.2d 959 (6th Dist.).

{¶ 14} A Civ.R. 12(C) motion goes to all the pleadings, and may be used to test the substantive sufficiency of any defensive pleading. Baldwin's Ohio Civil Practice (2004 Ed.) Section 12:10. In the determination of a Civ.R. 12(C) motion, the nonmoving party is entitled to have all the material allegations in the pleadings, with all reasonable inferences to be drawn therefrom, construed in his favor as true. *State ex rel. Midwest Pride IV, Inc.*

{¶ 15} Unlike a Civ.R. 56 motion for summary judgment, which authorizes the court to evaluate evidentiary materials submitted for their probative worth, Civ.R. 12(C) imposes a structural test: whether on their face the pleadings foreclose the relief requested. For example, if a statute of limitations defense is pleaded and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C)

relief is appropriate.

{¶ 16} Ordinarily, an order overruling or denying a Civ.R. 12(B) or (C) motion is not a final order because it does not determine the action and prevent a judgment. See: R.C. 2505.02(B)(1). An exception exists with respect to an order that "[d]enies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, because that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 27.

{¶ 17} The third affirmative defense pleaded in the answer Defendants filed states: "Plaintiff's claims are barred and/or limited by Ohio Revised Code Chapter 2744." The substantive sufficiency of that defense may be tested by a Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 18} "Political subdivision" or "subdivision means a . . . body both corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." R.C. 2744.01(F). Boards of education and public school districts are political subdivisions for purposes of R.C. Chapter 2744. *Brown v. Columbus Board of Education*, 638 F.Supp 856, (S.D. Ohio, 2009). Defendant Greenon Local School District and its Board are therefore entitled to the benefit of immunity from civil liability in tort for which R.C. Chapter 2744 provides, subject to any applicable exception.

{¶ 19} R.C. 2744.02(A)(1) provides:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions.

Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶ 20} The School District employed Plaintiff in providing a system of public education, and the provision of a system of public education is a governmental function. R.C. 2744.01(C)(2)(c). However, none of the particular exceptions to immunity of political subdivisions in R.C. 2744.02(B) apply to the grounds for relief alleged in Plaintiff's complaint. R.C. 2744.09 provides further exceptions to the general grant of immunity in R.C. 2744.02(A)(1), and states: "This chapter does not apply to, and shall not be construed to apply to . . . (B) [c]ivil actions by an employee . . . against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision."

{¶ 21} Plaintiff's four claims for relief against the Board and Lytle for defamation libel, defamation per se, intentional infliction of emotional distress, and tortious interference with contract, all plead and seek relief for injuries that are alleged to have proximately resulted from tortious conduct that was intentional, not merely negligent.

{¶ 22} Relying on the principle announced in *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608, 453 N.E.2d 572 (1982), we have held that R.C. 2744.09(B) does not create an exemption from immunity for a political subdivision in an action on claims for intentional torts made by its employee, because intentional torts

necessarily involve conduct separate and apart from the employment relationship. *Schmitz v. Xenia Board of Education*, 2d Dist. Greene No 2002CA69, 2003-Ohio-213, ¶ 16.

{¶ 23} On February 16, 2012, the Supreme Court filed its decision in *Sampson v. Cuyahoga Metropolitan Housing Authority*, ____ Ohio St.3d _____, Slip Opinion No. 2012-Ohio-570, rejecting application of the *Blankenship* rationale to R.C. 2744.09(B) and our holding in *Schmitz*.

{¶ 24}   The Syllabus of the Court in *Sampson* states:

> 1.   When an employee of a political-subdivision employer brings a civil action against the political subdivision alleging an intentional tort, that civil action may qualify as a "matter that arises out of the employment relationship" within the meaning of R.C. 2744.09(B).
>
> 2.   An employee's action against a political subdivision employer arises out of the employment relationship between the employee and the political subdivision within the meaning of R.C. 2744.09(B) if there is a causal connection or a causal relationship between the claims raised by the employee and the employment relationship.

{¶ 25} From the face of the pleadings, there was a causal relationship between the claims for relief in Plaintiff's complaint and his employment relationship with Defendants the District and Board.   On the authority of *Sampson*, we conclude that R.C. 2744.09(B) creates an exception to the statutory immunity that R.C. 2744.01(A)(1) otherwise confers on those

Defendants in the action Steinbrink commenced. The trial court therefore did not err when it overruled the District's Civ.R. 12(C) motion to dismiss the action on the district's statutory immunity defense.

{¶ 26} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 27} "THE TRIAL COURT ERRED IN DENYING SUPERINTENDENT LORI LYTLE IMMUNITY UNDER R.C. CHAPTER 2744."

{¶ 28} R.C. 2744.03(A)(6) confers immunity from civil liability on an employee of a political subdivision in a civil action for injuries allegedly caused by any act or omission of the employee in connection with a governmental or proprietary function of the political subdivision "unless one of the following applies:

(a) The employee's acts or omissions ere manifestly outside the scope

of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in

bad faith, or in a wanton or reckless manner."

{¶ 29} Lytle's acts or omissions in investigating the complaints against Plaintiff and filing her two reports and a recommendation concerning those complaints were not manifestly outside the scope of her employment as Superintendent of the School District.

{¶ 30} Defendants argue that none of the requirements imposed by R.C. 2744.03(A)(6)(b) are demonstrated with respect to Lytle's acts or omissions alleged in the complaint, adding that courts are not required to accept as true naked assertions lacking factual enhancement in a plaintiff's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009).   Defendants rely on our decision in *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487.

**{¶ 31}** In *Dearth*, a police officer released an intoxicated male to the care of his girlfriend, who protested to the officer that the subject "is violent when he is drunk."   The subject subsequently attacked the girlfriend, causing injuries which led to her death.   The trial court granted a Civ.R. 12(C) motion filed by the defendants, finding that the officers's acts or omissions were not committed with malicious purpose, in bad faith, or in a wanton or reckless manner.   R.C. 2744.03()A(6)(b).   We found no abuse of discretion, and wrote: "Without more, this simply does not rise to the level of recklessness necessary to overcome the presumption of immunity for a police officer acting within the scope of his employment." *Id.*, ¶ 36.

**{¶ 32}** In the present case, there is more.   In a "Final Decision," which is attached to Steinbrink's complaint as Exhibit "D," Lytle stated that a Harassment Report concerning the complaints against Steinbrink "indicates evidence of unlawful harassment has occurred" in violation of Board policies "and Ohio law."   At paragraph 57 of his complaint, Steinbrink alleges that though no criminal investigation was ever conducted, Lytle "handed out copies" of her final decision "to each person who attended a special meeting on October 13, 2009," and that Lytle subsequently sent out an email to all attendees asking them to throw away the Superintendent's final decision they received at the meeting, because it contained wrong information.

**{¶ 33}** The foregoing allegation was made in support of Plaintiff's claim for defamation libel, and was repeated in support of his subsequent claims for defamation per se,

intentional infliction of emotional distress, and tortious interference with contract.

{¶ 34} We do not discount any of the other allegations in Plaintiff's complaint in finding that the allegations in paragraph 57 in the complaint are sufficient to satisfy R.C. 2744.03(A)(6)(b) with respect to Lytle's claim for immunity. We merely find that the cited allegations of unlawful conduct on the Plaintiff's part are sufficient, for purposes of the Civ.R. 12(C) motion Defendants filed, to plead that Lytle's "acts or omissions were (committed) with a malicious purpose, in bad faith, or in a wanton and reckless manner." R.C. 2744.03(A)(6)(b).

{¶ 35} The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 36} "THE TRIAL COURT ERRED IN DENYING THE BOARD AND SUPERINTENDENT LYTLE IMMUNITY UNDER R.C. CHAPTER 4123."

{¶ 37} Defendants argue that because Plaintiff's intentional tort claims arose from their employment relationship for purposes of the immunity exception in R.C. 2744.09(B), the Board is immune from liability pursuant to R.C. 4123.74. That section grants immunity from civil liability to employers who participate in the workers' compensation system for injuries suffered by their employees that have been received in the course of or arising out of the injured worker's employment. On that basis, Defendants argue, Plaintiff's relief on his claim is limited to workers' compensation benefits.

{¶ 38} Defendants' argument is undercut by *Sampson*, which recognizes that the policies supporting statutory immunity and workers' compensation are separate and distinct. Defendants' argument is undercut completely by *Blankenship*, which held that claims for

injuries proximately arising from an employer's intentional torts are not subject to workers' compensation coverage.

**{¶ 39}** At oral argument, counsel for the District contended, for the first time, that R.C. 2745.01(D) creates an exception to the holding in *Blankenship*. R.C. 2745.01(A) imposes burdens of proof for employer intentional tort claims. R.C. 2745.01(D) provides:

> This section does not apply to claims arising during the course of employment involving discrimination, civil rights, retaliation, harassment in violation of Chapter 4112. of the Revised Code, intentional infliction of emotional distress not compensable under Chapters 4121. and 4123. of the Revised Code, contract, promissory estoppel, or defamation.

**{¶ 40}** By its express terms, R.C. 2745.01(D) exempts Plaintiff's two defamation and one intentional infliction of emotional distress claims for relief from the coverage of R.C. 2745.01. Plaintiff's remaining claim alleging intentional infliction of emotional distress would not be so affected. However, even with respect to that or other intentional tort claims for relief, R.C. 2745.01 cannot create a basis for worker's compensation coverage.

**{¶ 41}** Intentional torts, because the do not occur within the employment relationship, are beyond the reach of the authority conferred on the General Assembly by Section 35, Article II of the Ohio Constitution to establish a system of worker's compensation, and therefore any attempt to create worker's compensation coverage for intentional torts through the enactment of R.C. 2745.01 is unconstitutional. See *Fleming v. AAS Service, Inc.*, 177 Ohio App.3d 778, 2008-Ohio-3908, 896 N.E.2d 175, ¶ 48, citing *Brady v. Safety-Kleen Corp.* 61 Ohio St.3d 624, 576 N.E. 2d 722 (1991), and *Johnson v. BP Chemicals, Inc.* 85 Ohio St.3d

298, 707 N.E.2d 1107 (1999). R.C. 2745.01 offers no exception to the holding in *Blankenship*.

{¶ 42} The third assignment of error is overruled.

{¶ 43} <u>Conclusion</u>

{¶ 44} The District raised other issues in the Civ.R. 12(C) motion it filed, which the trial court likewise rejected when it denied the motion and were not argued in this appeal: that plaintiff's two defamation claims are barred by the applicable statute of limitations, R.C. 2305.11; that the operative facts alleged in the complaint are insufficient to plead a claim for intentional infliction of emotional distress on the standards established in *Yeager v. Local Union 20, TCW&H*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983); that Lytle enjoys a qualified privilege under the public duty doctrine that relieves her of liability for her alleged wrongful conduct; and that a claim for tortious interference with a contractual relationship cannot lie against the other party to the contract or a supervisor who acts within the scope of her duties to terminate a contract of employment. See *Anderson v. Minter*, 32 Ohio St.3d 207, 291 N.E.2d 457 (1972); *Slyman v. Shipman, Dixon & Livingston, Co.*, 2d Dist. Miami No. 2008CA35, 2009-Ohio-4126.

{¶ 45} Appellants limited their arguments in their brief to the particular errors assigned, which did not involve those other issues. We are required by App.R. 12(A)(1)(b) to determine the appeal on its merits on the assignments of error set forth in the briefs and the oral argument. We may affirm a judgment for reasons different from those on which the trial court relied, *State v. Peagler*, 76 Ohio St.3d 496, 668 N.E.2d 489 (1996), but that does not imply authority to reverse a judgment on error that was not assigned and argued, sua sponte.

{¶ 46} Having overruled the three errors assigned, we will affirm the judgment from which the appeal was taken.


DONOVAN, J., And HALL, J., concur.


Copies mailed to:

Mark J. Bamberger, Esq.
Brian L. Wildermuth, Esq.
Lauren K. Epperley, Esq.
Hon. Douglas M. Rastatter