[Cite as *Greenview Local School Dist. Bd. of Edn. v. Staffco Constr., Inc.*, 2016-Ohio-7321.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| THE BOARD OF EDUCATION OF THE GREENVIEW LOCAL SCHOOL DISTRICT | : | |
| | : | |
| | : | C.A. CASE NO. 2016-CA-11 |
| | : | |
| Plaintiff-Appellant | : | T.C. NO. 15CV179 |
| | : | |
| v. | : | (Civil appeal from |
| | : | Common Pleas Court) |
| STAFFCO CONSTRUCTION, INC., et al. | : | |
| | : | |
| Defendants-Appellees | : | |
| | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of ____October____, 2016.

. . . . . . . . . .

JACK R. ROSATI, JR., Atty. Reg. No. 0042735 and BENJAMIN B. HYDEN, Atty. Reg. No. 0083265, 100 S. Third Street, Columbus, Ohio 43215
       Attorneys for Plaintiff-Appellant

EDWARD J. DOWD, Atty. Reg. No. 0018681 and KEVIN A. LANTZ, Atty. Reg. No. 0063822, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
       Attorneys for Defendants-Appellees Staffco Construction, Inc. and Federal
       Insurance Company

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Plaintiff-appellant Board of Education of the Greenview Local School District

(hereinafter "the Board") appeals a decision of the Greene County Court of Common Pleas (Civil Division) overruling its motion for a judgment on the pleadings with respect to defendant-appellees Staffco Construction, Inc. and Federal Insurance Company's counterclaims. The Board filed a timely notice of appeal with this Court on March 18, 2016.

{¶ 2} On or about April 14. 2000, Staffco initiated performance on a contract that it had entered into with the Board regarding a construction project at Greenview High School. Federal issued a guaranty and a bond securing Staffco's performance on the project. Specifically, the contract required Staffco to install a metal wall panel system, metal roof panel system, composite roof system, and other related construction components at the new high school. Staffco was the general contractor on the project between 2000 and 2001. The Board took occupancy of the new high school during August of 2001. Following the Board's occupancy, Staffco was required to perform various repairs at the high school.

{¶ 3} Approximately fourteen years later on March 9, 2015, the Board filed a complaint alleging that Staffco failed to perform its work at the high school "in full compliance with the *** [c]ontract or in a workmanlike manner." The Board further alleged that "Staffco's defective and non-conforming work on the Project result[ed] in ongoing water leaks, moisture issues, and other building envelope issues."

{¶ 4} Thereafter on May 1, 2015, Staffco and Federal filed an answer and counterclaim alleging that the Board breached its duty to conduct competent inspections and repair the work performed by Staffco at the high school. Staffco also argued that any building defects in the high school are a "proximate consequence of [the Board]'s

breach of its duty to accept from [the architect] designs, plans, specifications, change orders, results of investigation, authorizations and approvals of work performed, and certificates for payment for work performed, without defect and/or error." Essentially, Staffco argues that it was damaged by the Board's negligent failure to inspect and maintain the high school after construction had been completed in 2001.

{¶ 5} On May 28, 2015, the Board filed a motion for a judgment on the pleadings with respect to Staffco's counterclaims pursuant to Civ.R. 12(C). On June 30, 2015, Staffco filed a memorandum in opposition, as well as a motion to strike certain portions of the Board's Civ.R. 12(C) motion. Ultimately, the trial court overruled the Board's motion for judgment on the pleadings in a brief judgment entry issued on February 26, 2016.

{¶ 6} Initially, we note that the Board advanced several legal arguments in support of its motion for judgment on the pleadings before the trial court. On appeal, however, the Board only challenges the trial court's decision denying its claim for immunity regarding Staffco's negligence claims under Chapter 2744 of the Ohio Revised Code. The Board does not suggest that the trial court erred by not granting its motion for judgment on the pleadings with respect to Staffco's additional counterclaims for breach of contract and indemnification. We further note that the trial court judgment entry provided no analysis of immunity or how it determined that the Board was not entitled to the general immunity afforded to political subdivisions under R.C. 2744. Nevertheless, it is from this judgment that the Board now appeals.

{¶ 7} The Board's sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN OVERRULING THE BOARD OF

EDUCATION OF THE GREENVIEW LOCAL SCHOOL DISTRICT'S (GREENVIEW'S) MOTION FOR JUDGMENT ON THE PLEADINGS AND THEREBY DENYING GREENVIEW THE BENEFIT OF IMMUNITY UNDER R.C. CHAPTER 2744 FROM STAFFCO CONSTRUCTION, INC. AND FEDERAL INSURANCE COMPANY'S NEGLIGENCE CLAIM."

{¶ 9} Civ.R. 12(C) provides:

Motion for judgment on the pleadings

After the pleadings are closed but within such time as not to delay the trial,

any party may move for judgment on the pleadings.

{¶ 10} A Crim.R. 12(C) motion presents questions of law only, and a determination of the motion is restricted solely to the allegations in the pleadings. *Peterson v. Teodosio,* 34 Ohio St.2d 161, 297 N.E.2d 113 (1973); *State ex rel. Midwest Pride IV, Inc. V. Pontious,* 75 Ohio St.3d 565, 664 N.E.2d 931 (1996). Essentially, the motion is a Civ.R. 12(B) motion to dismiss for failure to state a claim on which relief may be granted, but filed after the pleadings are closed. *Steinbrink v. Greenon Local School District*, 2d Dist. Clark No. 11CA0050, 2012-Ohio-1438, ¶13.

{¶ 11} A Civ.R. 12(C) motion goes to all the pleadings, and may be used to test the substantive sufficiency of any defensive pleading. Baldwin's Ohio Civil Practice, Section 12:10 (2004 Ed.). In the determination of a Civ.R. 12(C) motion, the nonmoving party is entitled to have all the material allegations in the pleadings, with all reasonable inferences to be drawn therefrom, construed in his favor as true. *Steinbrink*, 2d Dist. Clark No. 11CA0050, 2012-Ohio-1438, ¶14.

{¶ 12} Unlike a Civ.R. 56 motion for summary judgment, which authorizes the

court to evaluate evidentiary materials submitted for their probative worth, Civ.R. 12(C) imposes a structural test: whether on their face the pleadings foreclose the relief requested. For example, if a statute of limitations defense is pleaded and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is appropriate. *Steinbrink* at ¶ 15.

{¶ 13} Ordinarily, an order overruling or denying a Civ.R. 12(B) or (C) motion is not a final order because it does not determine the action and prevent a judgment. *See* R.C. 2505.02(B)(1). An exception exists with respect to an order that "[d]enies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, because that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia,* 115 Ohio St.3d 77, 2007–Ohio–4839, 873 N.E.2d 878, ¶ 27.

{¶ 14} The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. First, R.C. 2744.02(A) states the general rule of immunity that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. *See also Colbert v. Cleveland,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. However, the immunity afforded in R.C. 2744.02(A)(1) is not absolute. *See* R.C. 2744.02(B).

{¶ 15} "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R .C. 2744.02(B) apply to expose the political subdivision to liability." *Colbert* at ¶ 8. "If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from

liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." *Id.* at ¶ 9. *See also Cater v. Cleveland,* 83 Ohio St.3d 24, 697 N.E.2d 610 (1998), *abrogated on other grounds, M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261.

{¶ 16} "Political subdivision" or "subdivision means a ... body both corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." R .C. 2744.01(F). Boards of education and public school districts are political subdivisions for purposes of R.C. Chapter 2744. *Brown v. Columbus Board of Education,* 638 F.Supp. 2d 856 (S.D.Ohio 2009). Greenview Local School District and its Board are therefore entitled to the benefit of immunity from civil liability in tort for which R.C. Chapter 2744 provides, subject to any applicable exception. Additionally, neither party disputes that the buildings where the high school is located are used in connection with a government function, i.e., public education.

{¶ 17} Having determined that the general grant of immunity applies to the Board, we now turn to whether any exceptions to immunity listed in R.C. 2744.02(B) apply to maintain Staffco's negligence claim. Specifically, Staffco argues that the immunity exception found in R.C. 2744.02(B)(4) applies, which provides that "political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *." Pursuant to R.C. 2744.02(B)(4), Staffco contends that it has sufficiently alleged in its counterclaim that it has suffered damages because of the Board's negligent failure to conduct competent

inspections and failure to maintain and repair conditions that existed at the high school after the original construction contract was fulfilled in 2001. Staffco further argues that it suffered damages because of the physical defects in the high school building structures caused by the negligence of the Board's employees.

{¶ 18} However, Staffco does not dispute that the only damages it suffered as a result of the Board's alleged negligence are the money expenditures it incurred to perform remedial repairs to the high school buildings after the original work had been completed. Put another way, the only damages that Staffco and Federal assert that they suffered from the Board's negligence were purely economic losses.

{¶ 19} Recently, in *Federal Insurance Co. v. Fredericks*, 2015-Ohio-694, 29 N.E.3d 313 (2d Dist.), we stated the following:

"[E]conomic losses are intangible losses that do not arise from tangible physical harm to persons or property." *RWP, Inc. v. Fabrizi Trucking & Paving Co.,* 8th Dist. Cuyahoga No. 87382, 2006-Ohio-5014, ¶ 20, citing *Columbia Gas of Ohio v. Crestline Paving & Excavating Co.,* 6th Dist. Lucas No. L–02–1093, 2003-Ohio-793, and *Floor Craft Floor Covering, Inc. v. Parma Comm. Gen. Hosp.,* 54 Ohio St.3d 1, 3, 560 N.E.2d 206 (1990). (Other citation omitted.) "Thus, where only economic losses are asserted, damages may be recovered only in contract; there can be no recovery in negligence due to the lack of physical harm to persons and tangible things." *RWP, Inc.* at ¶ 21, citing *Queen City Terminals v. Gen. Am. Transp. Corp.,* 73 Ohio St.3d 609, 653 N.E.2d 661 (1995). (Other citations omitted.)

*Id.* at ¶ 23.

{¶ 20} Furthermore, in *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, the Supreme Court of Ohio noted that:

> The economic-loss rule generally prevents recovery in tort of damages for purely economic loss. *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 45, 537 N.E.2d 624; *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 3, 560 N.E.2d 206. " '[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.' " *Chemtrol,* 42 Ohio St.3d at 44, 537 N.E.2d 624, quoting *Nebraska Innkeepers, Inc. v. Pittsburgh–Des Moines Corp.* (Iowa 1984), 345 N.W.2d 124, 126. *See, also, Floor Craft,* 54 Ohio St.3d at 3, 560 N.E.2d 206. This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that "parties to a commercial transaction should remain free to govern their own affairs." *Chemtrol,* 42 Ohio St.3d at 42, 537 N.E.2d 624. *See, also, Floor Craft,* 54 Ohio St.3d at 7, 560 N.E.2d 206, quoting *Sensenbrenner v. Rust, Orling & Neale Architects, Inc.* (1988), 236 Va. 419, 425, 374 S.E.2d 55. " 'Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains

the particular province of the law of contracts.' " *Floor Craft,* 54 Ohio St.3d at 7, 560 N.E.2d 206, quoting *Sensenbrenner,* 236 Va. at 425, 374 S.E.2d 55.

*Corporex* at ¶ 6.

{¶ 21} In light of the economic loss rule, Staffco's decision to spend money on remedial repairs to the high school is not a legally cognizable injury in tort law. We also note that the cases relied upon by Staffco to support its conclusion that the "property" as used in R.C. 2744.02(B)(4) includes purely economic loss are clearly distinguishable. In *Hinkle v. Cornwell Quality Tool Company*, 40 Ohio App.3d 162, 532 N.E.2d 772 (9th Dist.1987), the appellate court discussed the circumstances regarding when a claim for conversion of money will lie. *Hinkle* provides no support for Staffco's argument that economic loss, standing alone, constitutes sufficient damages necessary to implicate one of the exceptions to civil immunity codified in R.C. 2744.02(B). In *Stengel v. Columbus*, 74 Ohio App.3d 608, 612, 600 N.E.2d 248 (10th Dist.1991), the court stated that a money judgment is satisfied from the property of the judgment debtor. Nevertheless, the fact that a judgment can be satisfied through the tangible property of a debtor does not require us to conclude that money is the equivalent of property under R.C. 2744. Where only economic losses are asserted, as is the case here, damages may be recovered only in contract. There can be no recovery in negligence due to the lack of physical harm to persons and tangible things. Accordingly, the purely economic damages asserted by Staffco cannot be used as basis upon which to assert an exception to the Board's immunity to tort claims under R.C. 2744.02(B)(4). Therefore, the trial court erred when it overruled the Board's motion for judgment on the pleadings with respect to Staffco's

counterclaim for negligence.

**{¶ 22}** Lastly, we find that Federal has no independent cause of action in tort against the Board. While R.C. 2744.09(D) may preserve Federal's right to subrogation against Staffco, it does not provide Federal with an independent right to pursue any claims against the Board. Since R.C. 2744.02(A) bars Staffco from pursuing a negligence claim against the Board based upon purely economic damages, Federal, as surety and guarantor of the original construction contract, is likewise barred from pursuing a negligence claim.

**{¶ 23}** The Board's sole assignment of error is sustained.

**{¶ 24}** The Board's sole assignment of error having been sustained, the judgment of the trial court is reversed with respect to Staffco and Federal's counterclaim for negligence. This matter is therefore remanded to the trial court for proceedings consistent with this opinion.

. . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., concurs in judgment only.

Copies mailed to:

Jack R. Rosati, Jr.
Benjamin B. Hyden
Edward J. Dowd
Kevin A. Lantz
Fredric Young
David Olson
Luke Busam
James Featherstone
Lowell Woods
Richard Garner
David Orlandini
Sunny Horacek

David Patterson
Frederick Bills
Joshua Bills
Glasier Building Systems
NU Roof Systems, Inc.
Hon. Stephen A. Wolaver