[Cite as *Jackson v. Cleveland*, 2026-Ohio-1974.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

JERMAINE JACKSON,                              :

    Plaintiff-Appellant,             :

                                 No. 115619

    v.                                          :

CITY OF CLEVELAND,                          :

    Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 28, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-25-118796

---

***Appearances:***

Richard E. Hackerd, *for appellant*.

Mark D. Griffin, Cleveland Director of Law, James R. Russell, Jr., Chief Assistant Director of Law, and Affan Ali, Assistant Director of Law, *for appellee*.

---

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Plaintiff-appellant Jermaine Jackson appeals from the trial court's judgment granting the defendant-appellee City of Cleveland's ("City") motion for judgment on the pleadings. Jackson raises two assignments of error for our review:

1. The trial court committed reversible error when it granted Defendant's Motion for Judgment on the Pleadings.

2. The trial court committed reversible error when it denied Plaintiff-Appellant's Motion for Extension of Time to respond to the Defendant's Motion for Judgment on the Pleadings.

{¶ 2} After review, we reverse and remand. We conclude that the City is not entitled to judgment on the pleadings based on the statute of limitations or political-subdivision immunity at this stage of the proceedings. We therefore sustain Jackson's first assignment of error and find Jackson's second assignment of error to be moot.

## I. Procedural History and Factual Background

{¶ 3} Jackson filed a complaint against the City on June 5, 2025. He alleged that in July 2022, he lost water for three weeks because of a water-main break on Marsdon Drive in Euclid, Ohio. He further alleged that the City made repairs at his home on August 12, 2022. Jackson claimed in his complaint that the City was negligent in "making the repairs" because it "filled the hole with concrete curb debris," which allegedly "caused the sewer line servicing his home to collapse."

{¶ 4} Jackson further alleged that he did not discover this damage until August 3, 2023, when he found sewer backup in the crawl space of his home. Jackson stated in his complaint that his home is built over a crawl space that he can access through a "hatch." Jackson stores items in the crawl space, and his HVAC system is in the crawl space as well. Jackson claims that he opened the hatch to

access the crawl space after his girlfriend "noted flies and saw mice" in the garage and that is when he discovered the sewer backup.

{¶ 5} According to Jackson's complaint, he suffered property damage to clothing and his HVAC system and he had to pay significant costs for cleanup. Jackson demanded judgment against the City in the amount of $29.020.73, plus attorney fees and costs.

{¶ 6} The City answered Jackson's complaint and asserted several defenses, including statute of limitations and political-subdivision immunity.

{¶ 7} The City filed a motion for judgment on the pleadings on August 8, 2025, claiming both that Jackson's claims were barred by the statute of limitations and that it was entitled to full immunity pursuant to R.C. Ch. 2744.

{¶ 8} The day before a response to the City's motion was due, Jackson's counsel moved for an extension of time to respond to the City's motion for judgment on the pleadings. In it, Jackson's counsel stated that he needed more time because he was preparing for a criminal trial.

{¶ 9} Five days later, on August 26, 2025, the trial court granted the City's motion for judgment on the pleadings.

{¶ 10} Jackson subsequently moved the trial court to reconsider its decision. The City opposed it, and the trial court denied it. Jackson timely appeals from the trial court's judgment granting the City's motion for judgment on the pleadings.

## II. Law and Analysis

### A. Standard of Review

{¶ 11} Within his first assignment of error, Jackson raises two issues. He argues that the trial court erred when it granted the City's motion for judgment on the pleadings based on Jackson's claims being barred by the statute of limitations. He also argues that the trial court erred when it granted the City's motion for judgment on the pleadings based on political-subdivision immunity.

{¶ 12} Motions for judgment on the pleadings are governed by Civ.R. 12(C). This rule provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling on a Civ.R. 12(C) motion, the court is restricted to the allegations in the pleadings and any writings attached as exhibits to the pleadings. *Schmitt v. Educational Serv. Ctr.*, 2012-Ohio-2210, ¶ 9 (8th Dist.). "'Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'" *Rayess v. Educational Comm. for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570 (1996). Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that the moving party is entitled to judgment as a matter of law. *Id*. We review a trial court's decision to grant a motion for judgment on the pleadings de novo. *Id*.

**{¶ 13}** Statute of limitations and immunity are affirmative defenses. *Covarrubias v. Lowe's Home Improvement*, 2021-Ohio-1658, ¶ 29 (8th Dist.); *BCL Ents., Inc. v. Ohio Dept. of Liquor Control*, 77 Ohio St.3d 467, 471 (1997). Because affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised in a motion to dismiss. *Reasoner v. Columbus*, 2003-Ohio-670, ¶ 12 (10th Dist.).[1] If, however, the existence of an affirmative defense is obvious from the face of the complaint, a court may grant a motion to dismiss on the basis of the affirmative defense. *Id.*; *see also Altier v. Valentic*, 2004-Ohio-5641, ¶ 31 (11th Dist.), quoting *Loyer v. Turner*, 129 Ohio App.3d 33, 35 (6th Dist. 1998) (requiring the affirmative defense to be "'obvious from the face of the complaint itself'"). Again, the same reasoning applies to a motion for judgment on the pleadings except that the court considers the pleadings and not just the complaint. *Crenshaw* at ¶ 12.

**{¶ 14}** However, a court must exercise caution because complaints do not need to "'anticipate and attempt to plead around defenses.'" *Savoy v. Univ. of Akron*, 2012-Ohio-1962, ¶ 8 (10th Dist.), quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Thus, unless the pleadings obviously or conclusively establish the affirmative defense, a court may not grant judgment on the pleadings.

**{¶ 15}** We note that the trial court granted the City's motion for judgment on the pleadings without giving a reason. Regardless of whether the trial court gave a

---

[1] The same reasoning applies to motions for judgment on the pleadings. *See Crenshaw v. Howard*, 2022-Ohio-3914, ¶ 12 (8th Dist.) ("A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings have closed, and the same standard of review applies.").

reason or not, we must determine de novo whether the City was entitled to judgment as a matter of law. We must therefore address both the statute of limitations and political-subdivision immunity to answer this question.

### B. Statute of Limitations

{¶ 16} Jackson first argues that the trial court erred when it granted the City's motion for judgment on the pleadings based on the City's argument that the statute of limitations had run by the time Jackson filed his complaint. Jackson stated in his complaint that the repairs to the water main were completed on August 12, 2022. The City argued in its motion that based on that allegation, Jackson should have filed his complaint by August 12, 2024, which was when the two-year statute of limitations would have run. Jackson maintains, however, that he filed his complaint within two years of discovering that he had sewer back up in his crawl space. Jackson contends that it was this discovery that began the clock on the two-year statute of limitations.

{¶ 17} The City argues that "[t]he plain language of [R.C. 2744.04(A)] only provides tolling under one limited circumstance," which is when the injured party is a minor or of unsound mind at the time of the injury. Alternatively, the City argues that even if the discovery rule applies in this case, Jackson should have exercised "reasonable diligence" to discover the alleged injury within the applicable statute of limitations, which the City claims Jackson did not do.

### *Does the Discovery Rule Apply?*

**{¶ 18}** R.C. 2744.04(A) limits the time in which claims may be asserted against a political subdivision. This provision provides that actions against a political subdivision for damages caused by injury, "death, or loss to person or property . . . shall be brought within two years after the cause of action accrues."

**{¶ 19}** However, under certain circumstances, the statute of limitations may be extended. "Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action." *Doe v. Archdiocese of Cincinnati*, 2006-Ohio-2625, ¶ 21. The purpose of the discovery rule is to limit the "'unconscionable result to innocent victims who by exercising even the highest degree of care could not have discovered the cited wrong.'" *Barr v. Lauer*, 2009-Ohio-5563, ¶ 28, quoting *Ault v. Jasko*, 70 Ohio St.3d 114, 115-116 (1994).

**{¶ 20}** The City maintains that because R.C. 2744.04(A) "only provides one limited circumstance" when the statute of limitations may be tolled — pursuant to R.C. 2305.16 (tolls the statute of limitations when the plaintiff is a minor or a person of unsound mind at the time of the injury) — the discovery rule does not apply to cases brought against political subdivisions. However, this court has held that the discovery rule does apply to the statute of limitations set forth in R.C. 2744.04 for the purpose of determining when a cause of action accrues. *Cohen v. Bedford Hts.*, 2015-Ohio-1308, ¶ 12 (8th Dist.); *W. 11th St. Partnership v. Cleveland*, 2001 Ohio App. LEXIS 481, *8 (8th Dist. Feb. 8, 2001).

{¶ 21} We therefore agree with Jackson that the discovery rule applies in this case. We now turn to the question of whether Jackson exercised due diligence in discovering the damage to his property.

### *Did Jackson Exercise Reasonable Diligence?*

{¶ 22} The discovery rule is an exception to the general rule that was created to avoid the "'unconscionable result' in circumstances where an 'injured party's right to recovery' may be 'barred by the statute of limitations before he [or she] is even aware of its existence.'" *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 2011-Ohio-1961, ¶ 13, quoting *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84 (1983). "'By focusing on discovery as the element which triggers the statute of limitations, the discovery rule gives those injured adequate time to seek relief on the merits without undue prejudice to . . . defendants.'" *Ault v. Jasko*, 70 Ohio St.3d 114, 116 (1994), quoting *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111 (1983).

{¶ 23} Here, Jackson alleged that he did not learn that the City's repairs to the water-main break in the summer of 2022 caused his sewer line to collapse until he discovered sewer back up in the crawl space under his home in August 2023. Jackson alleged that his girlfriend started noticing mice and flies in his garage on August 3, 2023, which is what prompted him to open the hatch to access the crawl space. When he lifted the hatch, he discovered the sewer backup for the first time.

{¶ 24} The City argues that Jackson could or should have discovered the alleged injury had he exercised reasonable diligence. The City further argues that it

was not reasonable for Jackson to wait approximately one year after the City repaired the water-main break "to even look at his own HVAC unit."

{¶ 25} Construing the facts in the complaint in a light most favorable to Jackson, which we are required to do, we disagree with the City's argument that Jackson should have discovered the sewer backup sooner. There is nothing to indicate in Jackson's complaint or the City's answer that Jackson had any issues with his HVAC system or knew or had reason to know that he may have sewer backup in his crawl space. After discovery is complete, there may be facts that show that Jackson did not exercise due diligence and should have discovered the sewer backup sooner. But according to the facts that Jackson alleged in his complaint, the City is not unequivocally entitled to judgment on the pleadings. *Mangelluzzi v. Morley*, 2015-Ohio-3143, ¶ 9 (8th Dist.), citing *Steinbrink v. Greenon Local School Dist.*, 2012-Ohio-1438, ¶ 13 (2d Dist.) ("If a statute of limitations defense is pleaded and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is appropriate.").

{¶ 26} We therefore find merit to Jackson's first issue within his first assignment of error. We agree with him that the trial court could not have properly granted the City's motion for judgment on the pleadings based on the statute of limitations. But we must still address the second issue of Jackson's first assignment of error to determine if the trial court properly granted the City's motion for judgment on the pleadings because the City is immune from liability under R.C. Ch. 2744 as a matter of law.

### C. Political Subdivision Immunity

### *Three-Tiered Analysis*

{¶ 27} The Political Subdivision Tort Liability Act, codified in R.C. Ch. 2744, sets forth a three-tier analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7. First, R.C. 2744.02(A)(1) sets forth the general rule that a political subdivision is immune from tort liability for acts or omissions connected with governmental or proprietary functions. *Id.* The statute states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." That immunity, however, is not absolute. R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998).

{¶ 28} The second tier of the analysis is set forth in R.C. 2744.02(B). This provision lists five exceptions to the general immunity granted to political subdivisions. *See Ryll v. Columbus Fireworks Display Co.*, 2002-Ohio-2584, ¶ 25. If one of the exceptions applies, the political subdivision loses its immunity. The exception to immunity relevant to this appeal is R.C. 2744.02(B)(2), which provides that political subdivisions are liable for injury to a person or property for "negligent performance of acts of their employees with respect to a proprietary function."

{¶ 29} If one of the exceptions to immunity under R.C. 2744.02(B) applies, immunity may be restored through the third tier. R.C. 2744.03(A). That is, if a

plaintiff meets his or her burden establishing that one of the exceptions to immunity applies, then the political subdivision must show that it is entitled to one of the defenses to liability set forth in R.C. 2744.03, which restores immunity to the political subdivision. The defense at issue in this case is R.C. 2744.03(A)(5), which restores immunity if the plaintiff's injury resulted "from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

### *The Parties' Arguments*

{¶ 30} There is no question that the City is a political subdivision. R.C. 2744.01(F). Accordingly, it is entitled to the general grant of immunity set forth in R.C. Ch. 2744. We must therefore review the parties' arguments and relevant law to determine whether an exception to immunity exists and, if so, whether the City is entitled to a defense that restores immunity as a matter of law.

{¶ 31} Jackson alleged in his complaint that the City was liable for the damage to his property under R.C. 2744.02(B)(2), which states that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Jackson maintains that under R.C. 2744.01(G)(2)(d), the City was performing a proprietary function when its employees negligently damaged his sewer lines. This provision states that "the

maintenance, destruction, operation, and upkeep of a sewer system" is a proprietary function.

{¶ 32} The City argued in its motion and now to this court that Jackson has not pleaded an exception to political-subdivision immunity. The City contends that "[t]he thrust of Jackson's allegations for liability are that the City's employees erred in their planning or design or reconstruction of a public improvement, including a sewer system." The City maintains that these allegations fall under R.C. 2744.01(C)(2)(l), which states that a governmental function includes "[t]he provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system."

{¶ 33} The City further argues that even if Jackson did allege facts upon which a court could determine that an exception to immunity applied, then immunity would be restored under the third tier because the City had a defense to liability in R.C. 2744.03. Specifically, the City maintains that the defense set forth in R.C. 2744.03(A)(5) would apply to restore immunity. This defense restores immunity if the plaintiff's injury resulted "from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.05(A)(5).

{¶ 34} Thus, the parties do not dispute that the City is entitled to the general grant of immunity under R.C. 2744.02(A)(1). Instead, the dispute focuses on

whether the R.C. 2744.02(B)(2) exception to immunity applies and, if so, whether R.C. 2744.03(A)(5) restores immunity.

### *Exception to Immunity Under R.C. 2744.02(B)(2)*

{¶ 35} For the exception to immunity under R.C. 2744.02(B)(2) to apply, the City's employees must have negligently performed a propriety function that caused the damage to Jackson's sewer lines. Thus, we must first determine whether the City's actions when repairing the water-main break involved a proprietary or governmental function.

{¶ 36} The City argues that because Jackson alleged that the City negligently planned, designed, or reconstructed a public improvement, he claimed that the City was performing a governmental function under R.C. 2744.01(C)(2)(l). This provision states that a governmental function includes "[t]he provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system."

{¶ 37} First, we disagree with the City's interpretation of Jackson's allegations. In his complaint, Jackson asserted that "Defendant's repair, maintenance, destruction, operation, and upkeep of a sewer system is a proprietary function R.C. 2744.01(G)(2)(d)." According to Jackson's alleged facts, however, the City damaged his sewer lines when it was making repairs to a water-main break. Thus, the City's action involved repairing the City's water supply, not the City's sewer system. Accordingly, the provision at issue is R.C. 2744.01(G)(2)(c), which states that a propriety function includes, but is not limited to "[t]he establishment,

maintenance, and operation of a utility, including, but not limited to . . . a municipal corporation water supply system."[2]

{¶ 38} Second, Jackson alleged that his sewer lines were damaged when the City was repairing a water-main break on Marsdon Drive. Repairing a water-main break does not involve planning, designing, constructing, or reconstructing a public improvement. Rather, repairing a water-main break falls directly within the definition of proprietary function under R.C. 2744.01(G)(2)(c). *Ohio Bell Tel. Co. v. Cleveland*, 2013-Ohio-270, ¶ 9 (8th Dist.) (finding that repairing a water-main leak involved the City's maintenance and operation of a municipal water supply system is a proprietary function under R.C. 2744.01(G)(2)(c)). And "the City may be liable for the loss to property caused by the negligent performance of acts by its employees with respect to proprietary functions." *Id.*, citing R.C. 2744.02(B)(2).

{¶ 39} Thus, we conclude that Jackson has sufficiently pleaded that an exception to general immunity applies under R.C. 2744.02(B)(2).

### *Restoring Immunity Under R.C. 2744.03*

{¶ 40} The harder question in this case is whether the City is entitled to have immunity restored — at the pleading stage — pursuant to R.C. 2744.03(A)(5). Stated another way, does the City have a defense to immunity under

---

[2]We note that Jackson's complaint is not deficient because it cited the wrong statutory provision. "Under the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff only needs to plead sufficient, operative facts to support recovery under his claims." *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, ¶ 12 (8th Dist.), quoting *Grossniklaus v. Waltman*, 2010-Ohio-2937, ¶ 26 (5th Dist.).

R.C. 2744.03(A)(5) as a matter of law, that is, before discovery has even begun in the case.

{¶ 41} The City argues that even if Jackson properly pleaded facts that the City negligently performed a proprietary function, it is entitled to judgment on the pleadings because R.C. 2744.03(A)(5) restores its immunity. This defense restores immunity if the plaintiff's injury resulted "from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.05(A)(5).

{¶ 42} The City maintains that Jackson alleged that "his injury was caused because employees should have used their discretion alternatively or used or acquired different supplies or materials other than concrete curb debris," which falls within the discretion set forth in R.C. 2744.05(A)(5). The City cites three cases in support of this argument: *FirstEnergy Corp. v. Cleveland*, 2009-Ohio-2257 (8th Dist.); *Knotts v. McElroy*, 2003-Ohio-5937 (8th Dist.); and *E. Ohio Gas v. Akron*, 2012-Ohio-3780 (9th Dist.).

{¶ 43} One of the City's cases, *Knotts*, sets forth the definition of discretion for an abuse-of-discretion standard and discusses a trial court's discretion when ruling on a motion to amend a pleading, neither of which are relevant here. *See id*. The other two cases deal with summary judgment rather than judgment on the pleadings. Summary judgment occurs after discovery in a case has been completed.

Thus, at the summary-judgment stage, there is typically more evidence to determine the issue of immunity as a matter of law. That is simply not the case here.

{¶ 44} After review, we disagree with the City's account of what Jackson alleged in his complaint and the City's argument regarding R.C. 2744.05(A)(5). Jackson alleged that the City owed him a duty of care when it repaired the water main and that its employees failed to exercise due care when they filled the hole with concrete curb debris, causing the sewer lines to his home to collapse. After considering Jackson's complaint and the City's answer and motion, we find that the City is not entitled to judgment as a matter of law. At this early stage in the case, there is nothing to indicate or establish that when the City repaired the water main, it exercised any discretion beyond a routine repair.

{¶ 45} In *Ohio Bell Tel. Co. v. Cleveland*, 2013-Ohio-270 (8th Dist.), this court explained that R.C. 2744.03(A)(5) does not shield a City from liability for "'[r]outine decisions requiring little judgment or discretion[.]'" *Id.* at ¶ 13, quoting *First Energy Corp.*, 2009-Ohio-2257, at ¶ 27 (8th Dist.), quoting *Addis v. Howell*, 137 Ohio App.3d 54, 60 (2d Dist. 2000). We further explained that "'[i]mmunity does not apply to the negligence of employees in "the details of carrying out the activity even though there is discretion in making choices."'" *Id.* at ¶ 15, quoting *McVey v. Cincinnati*, 109 Ohio App.3d 159, 163 (1st Dist. 1995), quoting *Bolding v. Dublin Local School Dist.*, 1995 Ohio App. LEXIS 2455 (10th Dist. June 15, 1995). Therefore, "'[o]nce a decision is made . . . the government entity still can be liable for the negligent implementation of its decision.'" *Id.* at ¶ 15, quoting *Seiler v.*

*Norwalk,* 2011-Ohio-548, ¶ 115 (6th Dist.). "Indeed, a political subdivision cannot simply assert that all of its decisions are 'discretionary' in order to obtain protection under R.C. 2744.03(A)(5)." *Id.* at ¶ 14, quoting *Hacker v. Cincinnati,* 130 Ohio App.3d 764, 770 (1st Dist. 1998).

{¶ 46} After considering the allegations in the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, it is our view that material factual issues currently exist regarding whether the City exercised discretion when it repaired the water-main break on Marsdon Drive. Therefore, the City is not entitled to judgment as a matter of law.

{¶ 47} Accordingly, we conclude that the trial court erred when it granted the City's motion for judgment on the pleadings pursuant to R.C. Ch. 2744. We note that upon remand, Jackson still has the burden of proving that the City's employees' actions were negligent and that they proximately caused the damage to his sewer lines. And the City must establish either that its employees' actions were not negligent or that its employees' actions regarding filling the hole with concrete curb debris involved discretionary decisions such that immunity should be restored.

{¶ 48} We sustain Jackson's first assignment of error based on the statute of limitations and political-subdivision immunity.

### D. Motion for Extension of Time

{¶ 49} In his second assignment of error, Jackson argues that the trial court erred when it denied his motion for an extension of time to respond to the City's

motion for judgment on the pleadings. Our disposition of the first assignment of error, however, renders this assignment of error moot.

{¶ 50} Judgment reversed, and case remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR